John E. McMahon, Respondent, v Sandra A. Thompson, Appellant.

Third Department, May 17, 1979

## APPEARANCES OF COUNSEL

*Frank J. Williams, Jr.,* for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (Anthony V. Cardona* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

The respondent father lives in Massachusetts and the appellant resides in Albany County with the parties' only child and appellant's second husband. In this most recent chapter of a long and bitter battle between the parties, which has spawned proceedings in four separate courts of two States, respondent seeks to enforce visitation rights granted to him in a Connecticut divorce decree in 1969. The respondent has not seen his son in over six years due in large measure to the systematic and prolonged efforts on the part of the appellant to deny him visitation. These efforts include an unsuccessful attempt by appellant's second husband, in consort with appellant, to adopt this only child of the parties' brief and stormy union *(Matter of Sean Y. v John Y.,* 62 AD2d 426). In the instant proceeding, the court found that the respondent was entitled to visitation privileges as provided in the divorce decree. However, by reason of the extended period of time during which the respondent and his son had not seen nor been in contact with each other and upon the recommendation of a certified child psychologist, the court ordered that preparational therapy sessions be conducted and that progress reports be promptly made available to the court to assist the court in its ultimate disposition. The appellant appealed from that order and contends that the Family Court of Albany County has no jurisdiction and, moreover, no authority to modify or enforce the provisions of a decree of the court of a sister State and no authority to mandate professional therapy. We disagree.

Section 654 of the Family Court Act provides: "On a showing to the family court that a change of circumstances subsequent to the entry of an order of judgment by a court of competent jurisdiction not of the state of New York, fixing custody in an action for divorce * * * the family court shall proceed to determine an application to modify the custodial arrangement provided in such order or judgment."

In our view, under the circumstances prevailing here, the

appellant's denial of visitation rights to the respondent was, standing alone, a significant change of circumstances which warranted the court's consideration of the application to modify the custodial arrangement of the decree. While section 654 of the Family Court Act does not specifically mention visitation, surely, "custody", the greater term, embraces visitation, the lesser term, and a proceeding to enforce rights of visitation is properly brought in Family Court. Implicit in the constitutional right of the Family Court to determine "custody" (NY Const, art VI, § 13) must be the right to determine visitation (see *Matter of Hood v Munroe,* 62 AD2d 1058; *Matter of Juan R. v Necta V.,* 55 AD2d 33).

In conclusion, the obvious and acknowledged primary purpose of the Family Court Act is to protect and promote the best interest of the child or children involved. In the furtherance of this purpose, section 251 of the Family Court Act provides the court with extremely broad powers and discretion to provide for examination or counseling by a physician, psychiatrist or psychologist. Not only is the court authorized under the circumstances here present to provide for such service and thereby gain assistance and advice so as to protect the child's best interest, but also a failure to do so would constitute an abdication of the court's grave responsibilities (cf. *Anonymous v Anonymous,* 34 AD2d 942).

The order should be affirmed, with costs.

GREENBLOTT, J. P., SWEENEY, STALEY, JR., and HERLIHY, JJ., concur.

Order affirmed, with costs.