■ ERIC BLUEMKE, Appellant, v JACQUELINE BLUEMKE, Respondent.—In a custody proceeding pursuant to Domestic Relations Law articles 5 and 5-A, the petitioner father appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated May 25, 1989, which awarded custody of the infant issue of the parties to the respondent mother.

Ordered that the order is affirmed, without costs or disbursements.

The parties were married in August 1987 when both were 19 years old, and took up residence in an apartment in the petitioner's parents' home. Shortly after their son Matthew was born in April 1988 the parties began to experience marital difficulties and in July 1988 while in Florida visiting her parents, the respondent told the petitioner that she did not wish to remain married. The respondent remained in Florida, while the petitioner returned to New York. Approximately one month later, the petitioner, apparently on the advice of counsel, returned to Florida and surreptitiously removed Matthew to New York, where he commenced the instant proceeding. After a hearing, custody was awarded to the respondent.

As has been aptly noted by Professor Alan D. Scheinkman: "[W]hen custody of children must be decided as between the parents, neither parent has any prima facie right to custody. There is no absolute rule by which it can be determined which of two contesting parents is entitled to custody. There are only principles designed to guide, not bind, the courts in deciding the question. * * * Each case involves its own unique fact situation and the decision must be based on the facts presented by the record" (Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:9, at 594). The focus of the court's inquiry is always the best interests of the child involved, and in making this determination, the court's primary concern is "the quality of the home environment and the parental guidance the custodial parent provides for the child" (Eschbach v Eschbach, 56 NY2d 167, 172).

With the foregoing in mind, we agree with the Supreme Court's conclusion that under the totality of the circumstances, Matthew's best interests will be served by awarding custody to the respondent (see, Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer, 55 NY2d 89). While acknowledging that both parties appear to be caring parents, based upon a review of the record as a whole, and particularly the forensic evaluation prepared by the Nassau County Probation Department, we conclude that the respondent will be better able to provide Matthew with the stability and mature parenting necessary to further his best interests. Accordingly, we affirm the award of custody to the respondent, which we note is conditioned upon her remaining with Matthew in Queens or Nassau County in order to allow the petitioner liberal visitation.

We have considered the petitioner's remaining contentions

and find them to be without merit. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.