■ WILLIAM JONES, Respondent-Appellant, v ELIDA JONES, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by judgment entered August 7, 1986, (1) the defendant wife appeals from an order and judgment (one

paper) of the Supreme Court, Suffolk County (Friedenberg, J.), entered July 19, 1991, which, *inter alia,* after a hearing, denied her motion for sole custody of the parties' two children and granted the plaintiff husband's motion to suspend her visitation rights for a period of not less than six months, and (2) the plaintiff cross-appeals from so much of the same order and judgment as failed to award him the requested amount of counsel fees and disbursements.

Ordered that the order and judgment is modified, on the law, by deleting therefrom the provision which directed that an application by the defendant for a resumption of her visitation rights must be accompanied by proof of ongoing therapy and a therapist's recommendation that visitation be resumed; as so modified, the order and judgment is affirmed, without costs or disbursements.

We find that the court properly awarded sole custody of the parties' two children to the plaintiff and suspended the defendant's visitation rights for a period of at least six months. It was clear that an award of sole custody to the plaintiff was in the children's best interest. The evidence presented at the hearing demonstrated that the defendant was not capable of providing the children with stability and mature parenting, nor was she able to cooperate with the plaintiff to further the children's best interests. The defendant admitted that she knowingly violated the terms of a prior order dated October 13, 1989, entered upon her consent, which awarded the parties joint custody, when she arranged for her daughter's First Holy Communion and took her daughter for an electroencephalogram without the plaintiff's knowledge or consent. In addition, the defendant admitted that she lost her temper and created a scene with the plaintiff and the plaintiff's wife, in the children's presence. The defendant also admitted that, when she had the children, she was unable to return them to the plaintiff on time. Finally, the defendant was either directly or indirectly responsible for the filing of three unfounded child abuse complaints against the plaintiff and his wife. These incidents demonstrate that the defendant is not capable of behaving in a mature and civilized fashion or cooperating with the plaintiff to further the best interests of the children. Under such circumstances, an award of sole custody to the plaintiff was appropriate *(see, Braiman v Braiman,* 44 NY2d 584; *Bluemke v Bluemke,* 155 AD2d 574; *Trolf v Trolf,* 126 AD2d 544).

Further, the defendant's anger and hostility towards the plaintiff caused her to engage in conduct which was clearly

detrimental to her children's welfare. The children informed the Judge, during an in camera interview, that the defendant encouraged them to lie about their father and his new wife. The children's statements to the Judge are supported by the fact that all three child abuse charges against the plaintiff and his wife were determined to be unfounded. Thus, since the record provided the court with a sound and substantial basis to conclude that the defendant's visitation would be detrimental to the welfare of the children, the defendant's visitation rights were properly suspended (see, Weiss v Weiss, 52 NY2d 170; Nacson v Nacson, 166 AD2d 510; Alfano v Alfano, 151 AD2d 530).

However, it is clear that a court may not compel a party to undergo therapy as a precondition for a reapplication for visitation rights (see, Nacson v Nacson, supra). Thus, the court improperly directed that the defendant's application for a resumption of visitation rights must be accompanied by proof of ongoing therapy and a therapist's recommendation that visitation be resumed.

We have considered the parties' remaining contentions, including those raised by the plaintiff on his cross appeal, and find that they are without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.