◼ In the Matter of LYNN C. LaVALLEY, Appellant, v HAL R. LaVALLEY, Respondent. [606 NYS2d 349] —Mahoney, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered March 24, 1992, which, in a proceeding pursuant to Family Court Act article 6, denied petitioner's application for sole custody of the parties' children and awarded sole custody to respondent.

In connection with a 1991 divorce decree, the parties were awarded joint legal custody and joint physical custody of their three minor children, Joey, Justin and Jeffrey. Several months thereafter, petitioner sought to modify the award and to obtain sole custody on the ground that the division of custody arrangement then in place was unsuitable for the children. Following a hearing, Family Court agreed that the existing arrangement, which involved rotating custody every few days, was indeed confusing to the children and found that their best interests would be served by an award of sole custody to respondent, albeit with liberal visitation to petitioner. Petitioner appeals.

We affirm. A change in custody is warranted only upon a showing of sufficient change in circumstances demonstrating a real need for change in order to insure the best interests of the children (see, e.g., Matter of Muzzi v Muzzi, 189 AD2d 1022, 1023). Here, it is clear from a review of the record that the existing arrangement of dividing custody by days of the week was causing confusion—the children were unsure where they were going to sleep on any particular night, where their clothing and toys were and unclear about where the school bus was to pick them up and drop them off. Accordingly, modification undoubtedly was indicated.

Nor can it be said that Family Court abused its discretion in modifying the order so as to grant sole custody to respondent. While the minor shortcomings of both parties are well developed in the record, the inescapable conclusion to be drawn from a reading of the hearing transcript is that both are fit parents and genuinely love their children. The court's determination in favor of respondent was predicated in large part upon his more active involvement with the children, devotion

of most if not all his spare time to family activities, the fact that the children got along better with respondent's new girlfriend than petitioner's new boyfriend, the more suitable child-care arrangements offered by respondent than by petitioner to cover the periods while each was at work, and the criticism leveled at respondent in front of the children by petitioner's mother, with whom petitioner lives and who acted as their regular babysitter under the prior arrangement. According these findings the deference to which they are entitled (see, e.g., Bohnsack v Bohnsack, 185 AD2d 533; Finn v Finn, 176 AD2d 1132, 1132-1133; see also, Smith v Finger, 187 AD2d 711, 712-713, lv dismissed, lv denied 82 NY2d 704; Zaleski v Zaleski, 128 AD2d 865, lv denied 70 NY2d 603), we see no reason on this record to disturb Family Court's determination.

Weiss, P. J., Mikoll, Mercure and Cardona, JJ., concur. Ordered that the order is affirmed, without costs.