■ In the Matter of DEBORAH THAXTON, Respondent, v MARK P. MORRO, Appellant. (And Two Other Related Proceedings.) [635 NYS2d 796] —Cardona, P. J. Appeals (1) from an order of the Family Court of Warren County (Austin, J.), entered May 16, 1994, which, *inter alia*, dismissed respondent's applications, in proceedings pursuant to Family Court Act articles 4 and 6, for custody and a downward modification of support, and (2) from an order of said court, entered May 16, 1994, which issued an order of protection.

The parties were divorced in 1987 and petitioner was awarded custody of the two children. No visitation schedule was set forth in the judgment; however, in February 1990 the judgment was modified by granting respondent specific visitation. Thereafter, in August 1990 respondent filed a petition seeking, *inter alia*, a change in custody. Family Court ordered probation department evaluations as well as a psychological examination of the parties and the children. In February 1992, respondent's visitation was temporarily suspended pending a hearing. After a hearing, respondent was granted supervised visitation. On February 26, 1992, at respondent's request, the court ordered additional psychological examination of the parties and the children. A fact-finding hearing was commenced in May 1993 and testimony was received from various witnesses for respondent. The hearing was adjourned and the court ordered a further examination of respondent and the

children by a psychiatrist. The hearing resumed in May 1994, at which time petitioner testified. Respondent was not personally present. Thereafter, Family Court denied respondent's application and also suspended his visitation rights. Although the court's decision addressed questions of support, those determinations have not been raised on these appeals.

Respondent contends that Family Court did not set forth sufficient facts in its decision for purposes of appellate review (CPLR 4213 [b]) and that the matter must, therefore, be remitted to Family Court. While we agree that appellate review would have been "enhanced by a more detailed discussion of the factors Family Court deemed significant in reaching its determination" (*Matter of Williams v Williams*, 188 AD2d 906, 907, n), the court did state the essential facts upon which it based its decision (*see, Matter of Hall v Keats*, 184 AD2d 825). Here, there is support in the record for Family Court's findings and the record is sufficiently complete for this Court to exercise its authority to supplement those findings and, thereby, render remittal to Family Court unnecessary (*see, supra*).

Family Court's findings, coupled with the record before us, amply support its decision to deny custody and suspend respondent's visitation rights. A change in custody is warranted only upon a showing of sufficient change in circumstances manifesting that the best interests of the children will only be met if such a change is made (*see, Matter of LaValley v LaValley*, 199 AD2d 896). In addition, while denial of visitation to a noncustodial parent is a drastic remedy, it will be ordered where there exist compelling reasons and substantial evidence showing that such visitation is detrimental to the children (*see, Matter of Adam H.*, 195 AD2d 1074).

Here, the record establishes that the children were fearful of respondent and sought to avoid contact with him. A psychologist noted that respondent exhibited difficulties in controlling his temper and displayed violent behavior resulting in the children being intimidated by him. Another expert recommended supervised visitation and noted that respondent failed to participate in supervised visitation that was arranged for him. This expert referred to respondent's statement that he would rather relinquish contact with the children than submit to supervised visits. This evaluation also noted respondent's history of angry verbal and physical outbursts and again found the children to be genuinely fearful of him.

While not specifically relying on these evaluations in its decision, Family Court did incorporate them into its findings. The court did, however, cite to and relied on an evaluation

conducted by John Myers, a psychiatrist. This was the last evaluation made on respondent and the children. Myers' report was in accordance with the previous evaluations and concluded that the children were fearful of respondent and were adamant about their desire to avoid him. Myers further concluded that the prognosis for restoring a relationship between respondent and the children was poor. He felt that visitation would create stress for the children and should be supervised if it were to occur. Family Court's findings are accorded great deference (*see, Matter of Fringo v Riccio*, 171 AD2d 963) and it was for the court to resolve credibility issues (*see, Finn v Finn*, 176 AD2d 1132). Given the record before us, we find that there was a sound and substantial basis for Family Court to conclude that to permit visitation or a change in custody would not be in the children's best interests (*see, Jones v Jones*, 185 AD2d 228).

Respondent next contends that Family Court denied him the opportunity to challenge the conclusions of the reports and evaluations upon which the court relied in making its decision. It is true that where such items have been ordered without consent and Family Court relies on them in making its decision, the court is required to afford the parties the opportunity to explain or rebut the material they contain (*see, Sauer v Sauer*, 67 AD2d 1082; *Falkides v Falkides*, 40 AD2d 1074). In rejecting respondent's argument, we note that the record indicates that the parties consented to the Probation Department evaluations and the psychological evaluations, including Myers' evaluation. In addition, on the first day of the hearing, Family Court notified the parties of the records before it and that they were available for examination.* It also stated that they would be considered by the court in reaching its decision and that the parties had the right to examine the authors of the reports. No objection was raised by respondent, nor did he call any of the authors. At the close of the hearing, respondent was given the opportunity to present additional evidence before the court rendered its formal written decision, but failed to do so. Under the circumstances, respondent cannot now be heard to complain about the procedures used by Family Court regarding the court-ordered reports and evaluations.

---

* The record also indicates that the parties were afforded the opportunity to review all of the evaluations prior to the hearing. Certain confidential reports of Child Protective Services were made available only to the Law Guardian. Respondent is apparently not challenging these reports. In any event, he proffered no objection to this procedure to Family Court.

Nevertheless, we agree that Family Court erred in requiring respondent to undergo psychiatric therapy prior to filing a subsequent petition for restoration of visitation. Family Court may not compel a party to undergo therapy as a precondition for a reapplication for visitation rights (*see, Matter of Adam H.*, 195 AD2d 1074, *supra*; *Jones v Jones*, 185 AD2d 228, *supra*). This is unlike the situation where the court may require, in conjunction with a determination of a visitation petition, that a party participate in preparational therapy in order to foster visitation (Family Ct Act § 251; *see, McMahon v Thompson*, 68 AD2d 68, *lv dismissed* 48 NY2d 603).

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order of visitation and custody entered May 16, 1994 is modified, on the law, without costs, by deleting from the first decretal paragraph those portions directing that respondent engage in a course of psychiatric therapy and requiring that the treating psychotherapist recommend that respondent file a petition for restoration of contact with his children, and, as so modified, affirmed. Ordered that the order of protection entered May 16, 1994 is affirmed, without costs.

