■ In the Matter of ROSEMARY TUCKER, Respondent, v CARLTON TUCKER, JR., Appellant. [671 NYS2d 178] —Peters, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered March 21, 1997, which, *inter alia*, denied

respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

Petitioner, respondent, their son Adam (born in 1987) and petitioner's daughter Miranda (born in 1981),[1] lived together until respondent's incarceration in November 1995 for a conviction involving insurance fraud. Subsequent to respondent's release in January 1996, a divorce action was commenced. In November 1996, Family Court entered an order permitting respondent gradually increased visitation with both children. It commenced with one hour of supervised visitation at the office of John Englebrecht, a mental health counselor, and thereafter increased to extended afternoons and overnights subject to the agreement of the parties. As relevant to this appeal, respondent faithfully exercised his visitation in accordance with the schedule including visitation on dates beyond those provided for in the order.

In January 1997, respondent sought, *inter alia*, to modify the order by seeking an expansion of visitation. Thereafter, petitioner sought to terminate all visitation based upon remarks made to the children or in their presence concerning herself and her live-in paramour.[2]

Family Court's in camera hearing with the children resulted in a temporary suspension of all visitation upon their disclosure that respondent threatened to cut off the hands of petitioner's paramour and kill petitioner when he learned that Adam was being physically disciplined by the paramour. During the fact-finding hearing it was revealed that Miranda overheard yet another threat made by respondent to petitioner which occurred during the course of a heated exchange in court. According to testimony, prior to the first threat, visitation with respondent went without incident, that in petitioner's home both she and her paramour regularly made disparaging remarks about respondent, and that based upon respondent's threats, the children feared respondent would bring harm to their custodial parent.

Respondent testified and admitted to the verbal threats alleged, contending that he now realized that he was reacting out of anger and that it was wrong to make such statements in

---

1. Miranda assumed respondent's last name but was never formally adopted.

2. These remarks also formed the basis of the family offense petition filed by petitioner from which a temporary order was issued. The temporary order became permanent by order of Family Court. The propriety of that order has not been raised on appeal.

front of the children. Recognizing the unnecessary fear he created in the children, he explained that he would never do anything to harm either them, petitioner or her paramour. After yet another in camera examination of Miranda wherein Family Court explained that respondent's statements had been made out of frustration, she indicated that she still did not wish to have visitation with him.

In accordance with the recommendation of the Law Guardian, Family Court, *inter alia*, suspended all visitation until respondent obtained mental health counseling from Englebrecht or some other reputable counselor. When the counselor felt it necessary, the children were to be integrated into respondent's sessions. Finally, the order provided that when the counselor reported that "[r]espondent is able to control * * * his anger and rage toward * * * [p]etitioner and will refrain from any outbursts against her in the presence of the children", respondent would be permitted to file a petition seeking to resume visitation. Upon respondent's appeal of that portion of the court's order which required him to undergo therapy before he could be permitted to make an application to resume visitation, we reverse.

Even acknowledging the deference typically accorded to the findings of Family Court, we find it necessary to disturb the order in this case as lacking a sound and substantial basis (*see, Matter of Brown v Skalwold*, 228 AD2d 749, *lv dismissed* 89 NY2d 860). Without the incorporation of any prior proceedings between these parties wherein psychological reports or other testimony concerning the mental health of these parties or the children were received, this record fails to set forth the requisite quantum of evidence necessary to deny visitation to a noncustodial parent (*see, Matter of Thaxton v Morro*, 222 AD2d 955). In noting the exceedingly broad discretion accorded to the court to order any of the parties to be examined by a psychiatrist or psychologist to assist it in making a determination (Family Ct Act § 251), we find it to be "an abdication of the court's grave responsibilities" (*McMahon v Thompson*, 68 AD2d 68, 70, *lv dismissed* 48 NY2d 603) to have failed to so order a mental health evaluation in these circumstances. Without further commenting on the necessity for respondent to learn to control his rage in the presence of the children, Family Court erred in compelling him, as a precondition to an application for the restoration of visitation, to undergo therapy (*see, Matter of Mongiardo v Mongiardo*, 232 AD2d 741; *Matter of Dennison v Short*, 229 AD2d 676; *Matter of Thaxton v Morro, supra; Matter of Tito G. v Thelma G.*, 187 AD2d 651; *Matter of Paris v Paris*, 95 AD2d 857).

Accordingly, we reverse that portion of the order entered March 21, 1997 which suspended respondent's visitation privileges. The matter is remitted to Family Court for the entry of an order seeking a mental health evaluation of not only respondent but also petitioner, her paramour and the parties' children. Upon receipt thereof Family Court should fashion an appropriate order in accordance with this decision.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as suspended respondent's visitation privilege; matter remitted to the Family Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.