■ In the Matter of ROBERT L. FISK, Appellant, v CYNTHIA L. FISK, Respondent. [710 NYS2d 473] —Peters, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered March 16, 1999, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

An order of Family Court, dated July 25, 1996, granted the parties joint legal custody of their sons, Joseph (born in 1986) and David (born in 1989), with primary physical custody to respondent and detailed visitation to petitioner. In September 1998, respondent obtained a temporary order of protection against petitioner based upon allegations of aggravated harassment. In October 1998, respondent, seeking a change in visitation premised upon allegations of parental alienation, requested that the order be modified to provide for, *inter alia*, supervised visitation, limited phone contact and strict adherence to a visitation schedule. Petitioner countered with a violation petition pertaining to the July 1996 order.

At a preliminary appearance, Family Court assigned a Law Guardian, advised the parties of their right to assigned counsel, and ordered a report from the Probation Department to assist it in its preparation for the hearing on the visitation petition; no objections were noted. It thereafter held an in camera interview with the children and solely addressed issues pertaining to visitation. Subsequently, a temporary order of modification, dated December 29, 1998, was issued which granted petitioner supervised visitation with John Engelbrecht of the Adirondack Christian Counseling Services and requested that Engelbrecht issue a report on the pending petition upon the completion of two visits. Family Court also caused an evaluation of the parties to be completed by John Mullaney. At a February 9, 1999 conference, the court acknowledged its receipt of a report from both Mullaney and Engelbrecht and advised the parties, still appearing *pro se*, that at the hearing they would have the right to subpoena either one of these evaluators for the purpose of cross-examination.

On the date of the hearing, all parties appeared, as did the Law Guardian and respondent's counsel. Engelbrecht testified consistent with his report wherein he recommended that petitioner's visitation with the children be unsupervised yet found it advisable that he attend individual counseling. In his testimony, he referred to a letter written by petitioner to the

children which predicated his earlier recommendation for supervised visitation. That letter was not admitted into evidence. Family Court thereafter heard the testimony of additional witnesses including respondent's pastor, Richard Osborne, and the parties; a final in camera interview was held with the children. Osborne's testimony described, *inter alia*, threatening phone messages which he received from petitioner and a conversation during which petitioner became "explosive".

At the conclusion of the hearing, the Law Guardian recommended supervised visitation and counseling. Family Court determined, *inter alia*, that petitioner was suffering from psychological disabilities which contributed to the problems experienced by these parties including their failure to communicate effectively. It therefore modified the July 1996 order by requiring that petitioner's visitation with the children be supervised until the supervising counselor deemed unsupervised visitation appropriate, and left the determination of the parameters of unsupervised visitation to such counselor after consultation with the parties. Moreover, the court changed the existing order of joint legal custody to one of sole legal custody in favor of respondent. Petitioner appeals.

We are compelled to modify the order because we find no notice by Family Court to the parties that it intended to treat the petition seeking a modification of visitation as one for a change of custody. Notably, in each evaluation proffered to the court by its order, only a limitation on visitation was explored; the court's inquiry at the *Lincoln* hearings was similarly circumscribed. Since "[a] modification of an existing custodial arrangement is warranted only if, due to a sufficient change in circumstances, it would be in the children's best interests" (*Matter of Oldfield v Robinson*, 267 AD2d 530, 531), and in so making such final determination numerous factors must be reviewed and considered (*see, Matter of Hrynko v Blaha*, 271 AD2d 714, 715-716; *Matter of Haran-Buckner v Buckner*, 188 AD2d 705, 706), we find that the *sua sponte* change made here was error (*see, Matter of Irons v Schneller*, 258 AD2d 652; *Matter of Mitchell v Mitchell*, 67 AD2d 924; *cf., Matter of Gaudette v Gaudette*, 262 AD2d 804, *lv denied* 94 NY2d 790).[1]

Turning to the determination that petitioner's visitation should be supervised, we note that "[w]hether visitation is appropriate is a matter left to Family Court's sound discretion

---

1. We recognize that our recent determination in *Matter of Millett v Millett* (270 AD2d 520) appears inconsistent. There, however, no challenge was made on appeal addressing Family Court's inherent ability to independently change custody without a pending petition.

\* \* \* and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record" (*Matter of Shawn Y.*, 263 AD2d 687, 688 [citations omitted]). Upon our consideration of the testimonial evidence and the reports submitted pursuant to court order without objection and after affording the parties an opportunity to rebut the conclusions reached therein (*see, Aberbach v Aberbach*, 33 NY2d 592, 593; *Matter of Thaxton v Morro*, 222 AD2d 955, 957), we find sufficient evidence to support a temporary restriction on visitation.

Family Court properly grounded its determination upon, *inter alia*, petitioner's disparagement of respondent to the children (*see, Matter of Belden v Keyser*, 206 AD2d 610) and the effect that petitioner's psychological difficulties, including clinical depression and uncontrollable anger, had upon the exercise of his judgment when communicating or interacting with the children (*see, Matter of Thaxton v Morro, supra; cf., Matter of Stewart v Stewart*, 222 AD2d 895). While finding that supervised therapeutic visitation is wholly appropriate, we must agree with petitioner that Family Court improperly delegated its authority to a counselor to determine the best interests of the children in the structure of supervised visitation and thereafter (*see, Matter of Millett v Millett*, 270 AD2d 520, 521-522; *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, *lv dismissed* 93 NY2d 958; *Gadomski v Gadomski*, 256 AD2d 675).

Petitioner's remaining contentions are without merit and his appeal of the now expired order of protection is moot (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 810). Had we reviewed such order, we would have found the one-year order inconsistent with Family Court's seeming objective of limited supervised visitation.

Accordingly, we modify the order of Family Court by amending the first decretal paragraph to state that respondent shall have physical custody of the children and that the parties shall share joint legal custody, and by deleting the second decretal paragraph regarding petitioner's rights of visitation, and remit the matter to Family Court to specify the terms of petitioner's visitation.[2]

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) amending the first decretal paragraph therein to provide

---

2. Provided, however, that the prior order shall remain in force and effect pending further order of Family Court.

that respondent shall have physical custody of the children with the parties sharing joint legal custody, and (2) deleting the second decretal paragraph therein; matter remitted to the Family Court of Warren County to specify the terms of petitioner's visitation and contact with the children; and, as so modified, affirmed.