■ In the Matter of ROBERT TT., Appellant, v CAROL UU., Respondent. [753 NYS2d 180] —Cardona, P.J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 7, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 8, for modification of a prior order of visitation.

After a lapse of seven years without contact with his son and daughter, presently ages 13 and 14, petitioner filed a modification petition in May 2000, essentially seeking supervised visitation previously granted to him. Respondent cross-petitioned to, inter alia, suspend petitioner's visitation. Following a hearing, Family Court dismissed petitioner's application and suspended petitioner's visitation. On appeal, petitioner contends that the evidence was insufficient to support that determination.

We begin by noting that " '[w]hether visitation is appropriate is a matter left to Family Court's sound discretion * * * and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record' " (*Matter of Fisk v Fisk*, 274 AD2d 691, 692-693, quoting *Matter of Shawn Y.*, 263 AD2d 687, 688). Furthermore, since the denial of visitation is a drastic remedy, there must be compelling reasons supporting that decision and "substantial evidence showing that such visitation is detrimental to the children" (*Matter of Thaxton v Morro*, 222 AD2d 955, 956).

Here, the evidence revealed that the children had no meaningful contact with petitioner since 1993 and feared him because they believed he had sexually abused them. Both expressed the desire not to see him and exhibited increased anxiety and acting out when confronted with the possibility of visitation. In addition, the son experienced nightmares, some of which involved petitioner coming through his window to get him. There was testimony that this young boy suffers from

bipolar disorder, posttraumatic stress disorder, severe depression and hyperactivity disorder. He is on medication and receives counseling for these mental health problems as well as for sexual abuse.* The daughter has also received mental health and sexual abuse counseling.

The children's social workers testified that supervised visits would be harmful to them due to their anxiety. The social workers would not recommend supervised visits unless petitioner admitted responsibility for his behavior, completed a specialized sex offender assessment, entered sex offender counseling if recommended and the children consented to the visitation. However, Judy Vieux, the son's social worker from the Family and Children's Society in Broome County, acknowledged that over time supervised visits in a therapeutic setting might lessen the son's anxiety. She also testified that, while an admission by an offender is best for a child (from a therapeutic viewpoint), her organization does supervise visitation in a therapeutic setting for alleged sexual offenders who have not been adjudicated or admitted abuse.

Petitioner testified that he had a history of mental health issues including major depression, posttraumatic stress disorder, avoidant personality disorder and alcohol dependency—currently in remission. He indicated participation in counseling to address those problems. Petitioner denied the sexual abuse allegations, however, he acknowledged that a state report of sexual abuse of both children was indicated against him in 1993. He stated that the allegations never resulted in proceedings in any court. Petitioner's girlfriend, who knew him for seven years, had knowledge of the indicated report in 1993 and his mental condition. She stated that she never observed any behavior by him which raised concerns about his association with her 15-year-old son and 11-year-old daughter. She testified that he watched her children on many occasions when she was not home.

Family Court found the proof insufficient to persuade it that petitioner sexually abused either child, opining that the children's current beliefs regarding such abuse appeared "to be based less on actual memories than the repeated repetition of an evolving legend." It also noted respondent's failure, for a period of six years following the alleged abuse, to follow through with recommended counseling for either child. Not relying on the sexual abuse allegations, Family Court based its denial of visitation upon the length of petitioner's absence from the chil-

---

* In 1999, the parties' son was sexually abused by another man residing in the neighborhood.

dren, their fear of him, his alcoholism and history of mental illness. Although it acknowledged that it could direct visitation, Family Court concluded that it would be detrimental to do so, observing that it was "clear that neither of these children will receive counseling designed to encourage them to have any meaningful contact with their father. For good or for ill, their fears are being reinforced and it is beyond the ability of this court to direct the therapy goals of mental health professionals."

Based upon our review, we conclude that Family Court's determination denying supervised visitation is supported by a sound and substantial basis in the record. However, under the particular circumstances of this case, we find that Family Court should have directed an examination of the children and the parties by an independent psychiatrist or psychologist and then, upon review of the report, determined whether preparational therapy should be ordered to foster some form of future visitation (*see* Family Ct Act § 251; *Matter of Thaxton v Morro*, 222 AD2d 955, 958, *supra*; *McMahon v Thompson*, 68 AD2d 68, *lvs dismissed* 48 NY2d 603, 655). Although we are not holding that a court must always order preparational therapy when visitation is suspended, the absence of such a direction herein effectively terminated petitioner's parental rights. Preparational therapy, if appropriate, at the very least, presents an opportunity to determine whether the present relationship of petitioner and his children may be improved to the extent of eventually allowing some form of court-ordered visitation.

Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.

