*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                519316
_____

In the Matter of CHRISTINA Z.,
                    Appellant,
        v                               MEMORANDUM AND ORDER

BISHME AA.,
                    Respondent.
_____


Calendar Date:  September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____


        Bruce Evans Knoll, Albany, for appellant.

        Jeffrey S. Berkun, Albany, for respondent.

        Christopher Obstarczyk, Latham, attorney for the child.


_____


Clark, J.

        Appeal from an order of the Family Court of Albany County
(Kushner, J.), entered June 10, 2014, which, in a proceeding
pursuant to Family Ct Act article 8, granted respondent's motion
to dismiss the petition.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a child
(born in 2004).  The mother commenced the instant proceeding
against the father alleging that he committed the family offenses
of harassment in the first and second degrees and aggravated
harassment in the second degree by sending her several text
messages over the course of three days.  After initially issuing
an ex parte temporary restraining order, Family Court granted the
father's oral motion to dismiss the amended petition for failure

to state a cause of action.  The mother now appeals and we reverse.

In determining whether a petition sufficiently alleges an enumerated family offense, we afford the petition a liberal construction, accept the allegations contained therein as true and grant the petitioner the benefit of every favorable inference (see Matter of Craig O. v Barbara P., 118 AD3d 1068, 1070 [2014]; Matter of Jeff M. v Christine N., 101 AD3d 1426, 1427 [2012]). As relevant herein, harassment in the first degree requires that an individual "intentionally and repeatedly harasses another person . . . by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury" (Penal Law § 240.25).  Harassment in the second degree requires that, "with intent to harass, annoy or alarm another person . . . [, an individual] engage[] in a course of conduct or repeatedly commit[] acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]).[1]

Here, in her pro se petition, the mother alleged that, over the course of three days in November 2013, the father sent her multiple text messages in which he called her obscene names, repeatedly stated that he hated her and wished ill will upon her, and stated that he was going to "put a stop to [her]," among other things.  When the mother asked whether the father was threatening her, he responded affirmatively.  Additionally, the mother indicated that, due to the parties' history of domestic violence, she was fearful of what the father might do to her and the child.  Applying the aforementioned standard by liberally construing the petition here and giving petitioner the benefit of

---

[1]  Family Court dismissed the portion of the petition alleging that the father had committed the family offense of aggravated harassment in the second degree, due to the fact that the statute had been held unconstitutional in People v Golb (23 NY3d 455, 466-468 [2014]).  Insofar as the mother does not raise this issue on appeal, it is deemed abandoned (see Matter of Jodi S. v Jason T., 85 AD3d 1239, 1241 n 2 [2011]; Matter of Eck v Eck, 57 AD3d 1251, 1252 n 2 [2008]).

every favorable inference, the allegations contained therein are sufficient to state a cause of action for a family offense based on either harassment in the first degree and/or harassment in the second degree.  Accordingly, we find that Family Court erred in granting the father's motion to dismiss.

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision and, pending such further proceedings, the provisions of the temporary order of protection shall continue.

ENTER:

Robert D. Mayberger
Clerk of the Court