*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    520701
_____

In the Matter of MAUREEN H.,
                    Respondent,

          v
                                         MEMORANDUM AND ORDER
BRYON I.,
                    Appellant.

(And Three Other Related Proceedings.)
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                    _____

          Teresa C. Mulliken, Harpersfield, for appellant.

          Larisa Obolensky, Delhi, for respondent.

          Jehed Diamond, Delhi, attorney for the children.

                    _____

McCarthy, J.

          Appeals from two orders of the Family Court of Delaware County (Becker, J.), entered February 25, 2015, which granted petitioner's applications, in proceedings pursuant to Family Ct Act article 6 and 8, for, among other things, an order of protection and custody of the parties' children.

          Petitioner (hereinafter the mother) and respondent (hereinafter the father), who met in 2007 but never married, are the parents of three children (born in 2010, 2012 and 2013). They lived together with their first child for approximately one year from 2010 to 2011.  After they separated, two more children were born and the children resided with the mother with some

visitation with the father, who has been incarcerated for most of the children's lives for reasons not established in the record. In July 2014, the mother filed a family offense petition based upon, among other things, threatening letters that the father sent to her from jail. Family Court (Charnetsky, J.) issued a temporary stay away order of protection in favor of the mother and children, served on the father on August 14, 2014. Family Court (Becker, J.) later amended and extended this order and awarded the mother sole temporary custody and suspended visitation between the children and the father.[1] The mother thereafter filed a petition seeking custody of the children and two petitions alleging that the father had violated the temporary order of protection by sending her letters from jail and calling her after he was served with that order.

Following a brief combined hearing on the petitions at which the parties testified, Family Court found that the father, who remained incarcerated, had engaged in a course of sending threatening communications to the mother, thereby committing the family offense of aggravated harassment in the second degree, and had violated the temporary order of protection by sending letters to the mother. The court issued a qualified two-year stay away permanent order of protection in favor of the mother and children, which allowed him to communicate with the children only by mail. The court awarded the mother sole custody of the children, permitting only mail communication with the children but no visitation. The court's order conditioned the father's future right to apply for a modification of the custody and visitation order on his successful participation in mental health and anger management treatment. The father now appeals from the order finding that he committed a family offense and from the custody order restricting his future right to file a modification petition.

"Whether a family offense has been committed is a factual issue to be resolved by . . . Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Lynn TT. v Jospeh

---

[1] There was no prior order of custody or visitation.

O., 129 AD3d 1129, 1129 [2015] [internal quotation marks and citations omitted]). Family Court found that the father had committed the family offense of aggravated harassment in the second degree (see Penal Law § 240.30), but did not specify a subsection of the relevant statute upon which it based its finding. While the subdivision of that statute that appears to apply — Penal Law § 240.30 (former [1]) — was ruled unconstitutional by the Court of Appeals before this petition was filed, neither the parties nor the court addressed this matter (see People v Golb, 23 NY3d 455, 466-467 [2014], cert denied ___ US ___, 135 S Ct 1009 [2015]).[2] Nevertheless, upon the exercise of our independent review power, we find that the proof adduced at the hearing sufficiently established, by a preponderance of the evidence, that the father committed the family offenses of harassment in the first and second degrees[3] (see Family Ct Act § 832; Matter of Lynn TT. v Joseph O., 129 AD3d at 1130).

As relevant herein, harassment in the first degree requires that an individual "intentionally and repeatedly harasses another person . . . by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury" (Penal Law § 240.25). Harassment in the second degree requires that, "with intent to harass, annoy or alarm another person . . . [an individual] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]; see Matter of Christina Z. v Bishme AA., 132 AD3d 1102, 1103 [2015]). At the hearing, testimony established that the father sent a series of letters to the mother asserting that she belonged to him, that he was going to kill her and that law enforcement would not be able to stop him. Evidence also

---

[2] Given that the father does not raise any issue on appeal with regard to the unconstitutionality or applicability of Penal Law § 240.30 (former [1]), we deem that issue to have been abandoned (see Matter of Christian Z. v Bishme AA., 132 AD3d 1102, 1103 n [2015]).

[3] Notably, the mother had alleged these family offenses in her petition.

established that the father used correspondence with the children as an avenue to threaten and demean the mother.  Upon review of the testimony and evidence, we are unpersuaded by the father's contention that Family Court erred in finding that he had the requisite intent to harass the mother, as his intent may be readily inferred from the repeated threatening conduct itself and from the surrounding circumstances (see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1166 [2015], lv dismissed and denied 26 NY3d 998 [2015]; Matter of Lynn TT. v Joseph O., 129 AD3d at 1130).  While the father admitted sending the letters, offering exculpatory explanations for doing so, Family Court was unconvinced, as are we.  According deference to those credibility determinations, we find that the foregoing family offenses were proven by a preponderance of the evidence (see Matter of Vanita UU. v Mahender VV., 130 AD3d at 1166; Matter of Lynn TT. v Joseph O., 129 AD3d at 1131).

As the parties recognize, however, the conditions placed on the father's right to seek a modification of the custody and visitation order are invalid.  Family Court did not have the authority to compel the father to undergo and successfully complete treatment or therapy as a condition to any future application for custody or visitation (see Matter of Williams v O'Toole, 4 AD3d 371, 372 [2004]; Matter of Tucker v Tucker, 249 AD2d 643, 645 [1998]).  Finally, the attorney for the children challenges the qualified two-year order of protection, which permits only written communication between the father and children.  However, the attorney for the children did not appeal from any of the orders and, therefore, this contention is not properly before this Court (see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341 n [2016], lv dismissed and denied ___ NY3d ___ [June 2, 2016]).

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the order entered February 25, 2015 granting petitioner's Family Ct Act article 8 petition is affirmed, without costs.

ORDERED that the order entered February 25, 2015 granting petitioner's Family Ct Act article 6 petition is modified, on the law, without costs, by reversing so much thereof as conditioned respondent's future right to apply for modification of said order and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court