Matter of Timothy D. v Becki C. (2021 NY Slip Op 03494)





Matter of Timothy D. v Becki C.


2021 NY Slip Op 03494


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

529537
[*1]In the Matter of Timothy D., Appellant,
v
Becki C., Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ. 

Paul J. Connolly, Delmar, for appellant.
Clea Weiss, Ithaca, for respondent.
Pamela B. Bleiwas, Ithaca, attorney for the child.



Lynch, J.P.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered June 27, 2019, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Respondent (hereinafter the mother) and petitioner (hereinafter the father) are the parents of a child (born in 2004). Pursuant to a consent order dated June 11, 2018, the father was granted visitation with the child "as the parties may agree."[FN1] In early September 2018, the father filed a violation petition alleging that the mother had "willfully refused to respond to [his] repeated attempts to reach agreement on the appropriate visitation schedule." The father's petition was subsequently converted into a modification petition seeking a structured visitation schedule, and Family Court denied the mother's prehearing motion to dismiss the petition for failing to show a change in circumstances.
After conducting fact-finding and Lincoln hearings, Family Court denied the father's request for a structured visitation schedule, continued visitation on an as-agreed basis as set forth in the prior order, continued the prior order of custody that had granted the mother sole legal and physical custody of the child and ordered that the father was entitled to independent access to the child's school information and to attend the child's extracurricular activities in public places. The court further directed that, upon the father's positive engagement with a mental health counselor "to work on strategies and tactics to communicate with the child" for a period of three consecutive months, the mother was required to enroll the child in counseling to explore improving the father/child relationship. The father appeals.[FN2]
We affirm. Although Family Court properly found that there had been a change in circumstances since entry of the prior order warranting a best interests inquiry, the record supports its determination that visitation on an as-agreed basis remained in the child's best interests. In his petition, the father explained that an incident in August 2017 had "caused a severe rift" between him and the child and, as a result, the child has been unwilling to participate in visitation. The parties were certainly mindful of this impasse when the June 2018 consent order was entered, but the directive to engage in agreed-upon visitation allowed for continued efforts to repair the relationship. Through a series of emails offered into evidence by the father, the father demonstrated continued and persistent efforts to communicate with the child and the child's continued resistance, constituting the requisite change in circumstances to undertake a best interests review.
Turning to that review, Family Court credited the mother's testimony that she had not inhibited the child's relationship with the father but, rather, had respected the child's wishes. The parties testified to two public incidents that [*2]occurred before the petition was filed that illustrate a pattern of demeaning behavior directed by the father at the child that remained unresolved as of the fact-finding hearing. It is evident from his own testimony, as Family Court recognized, that the father is frustrated by his inability to communicate with the child, but he remains unable or unwilling to recognize his own shortcomings and the negative impact this has upon the child.
A regular schedule of visitation with a noncustodial parent is normally required unless "inimical to the child[]'s welfare" (Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012] [internal quotation marks, brackets and citations omitted]; see Matter of Staff v Gelunas, 143 AD3d 1077, 1078 [2016]). "Although not determinative, the expressed wishes of the child[] [is] some indication of what is in [the child's] best interests, considering [the child's] age, maturity and potential to be influenced" (Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d 1143, 1146 [2020] [internal quotation marks and citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Giving due regard to the circumstances, Family Court prudently recognized that a structured visitation schedule would not be in the child's best interests and would likely cause further conflict.[FN3] Instead, the court thoughtfully provided for a course of preparational therapy, first for the father and, if successful, then for the child, in order to explore a path toward a meaningful relationship between the two (see Matter of Robert TT. v Carol UU., 300 AD2d 920, 922 [2002]). In our view, Family Court's determination has a sound and substantial basis in the record.
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: By this point, the mother had sole legal and physical custody of the child.

Footnote 2: To the extent that the mother argues that Family Court's order should be vacated and the 2018 consent order reinstated, we have no authority to grant such affirmative relief in the absence of a cross appeal (see Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 n 2 [2016]; Matter of Kent v Kent, 29 AD3d 123, 130 [2006]).

Footnote 3: We note that the attorney for the child supports Family Court's determination.