Matter of Anna D. v David E.

2026 NY Slip Op 02021

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Anna D., Appellant,

v

David E., Respondent.

Decided and Entered:April 2, 2026

CV-25-0660

Calendar Date: February 17, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mackey, JJ.

Legal Assistance of Western New York, Inc., Elmira (Sarah J. Fildes of counsel), for appellant.

David E., Towanda, Pennsylvania, respondent pro se.

[*1]

Aarons, J.P.

Appeal from an order of the Family Court of Chemung County (Mary Tarantelli, J.), entered March 7, 2025, which, in a proceeding pursuant to Family Ct Act article 8, dismissed the petition.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of six children, three of whom (born in 2007, 2013 and 2016) are minors and reside with the mother; the oldest child resides with the father. The mother commenced this proceeding in March 2025 alleging that the father committed the family offenses of stalking or harassment in the first or second degrees. The day after the mother filed the petition and before the father joined issue, Family Court, on its own initiative, dismissed the petition. The mother appeals.

"[A] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Lashlee v Lashlee, 145 AD3d 723, 724 [2d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Charles E. v Frank E., 72 AD3d 1439, 1440 [3d Dept 2010]). When determining whether a family offense petition sufficiently states a cause of action, the court must afford the petition a liberal construction, accept the allegations as true and grant the petitioner the benefit of every favorable inference (see Matter of Christina Z. v Bishme AA., 132 AD3d 1102, 1102-1103 [3d Dept 2015]; Matter of Craig O. v Barbara P., 118 AD3d 1068, 1070 [3d Dept 2014]). This standard applies equally where the court dismisses the petition sua sponte (see Matter of Burdick v Boehm, 148 AD3d 1439, 1440 n 4 [3d Dept 2017]).

Applying that standard here, the petition alleges that, after the mother's stay-away order against the father expired in 2021, the father came to her home unannounced on several occasions despite her requests that he refrain from doing so. The father also repeatedly asked to come to her home for custody exchanges notwithstanding the mother's clear and unwavering instructions to abide by prearranged locations. Further, the father is alleged to have attempted on multiple occasions to communicate "I love you" to the mother through a code they established before their marriage, ignored the mother's demand to stop and disingenuously claimed the message was for the children. In addition, the mother alleged that the father inappropriately attempted to relitigate the end of their marriage over text message and email despite the mother's requests to refrain from doing so. Indeed, the documents appended to the petition appear to show that the father engaged in a campaign to speak to the mother against her wishes, in one instance withholding information about a purported emergency concerning the oldest child to induce the mother to contact him.

Notwithstanding the liberal pleading standard, the above-recited allegations do not make out a cause of action for stalking in the fourth [*2]degree, which "is the engagement in a course of conduct that causes material harm to the mental or emotional health of a specific person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted and the actor was previously clearly informed to cease that conduct" (Matter of Samah DD. v Mark VV., 235 AD3d 1116, 1118 [3d Dept 2025] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 44 NY3d 901 [2025]; see Matter of Tammy TT. v Charles TT., 204 AD3d 1336, 1337 [3d Dept 2022]). Specifically, Family Court appropriately concluded that the petition fails to allege facts from which to infer that the father's conduct materially harmed the mother's mental or emotional health (compare Matter of C.H. v M.J.G., 233 AD3d 540, 541-542 [1st Dept 2024]).

We reach a different conclusion with respect to harassment in the second degree,FN1 which, pursuant to Penal Law § 240.26 (3), "requires proof that an individual with intent to harass, annoy or alarm another person engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such another person and which serve no legitimate purpose" (Matter of Amber EE. v Kalam EE., 241 AD3d 1623, 1628 [3d Dept 2025] [internal quotation marks, ellipsis and citations omitted]; see Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1204 [3d Dept 2018]). "Badgering someone through repeated telephone calls and text messages despite numerous requests to stop may amount to second degree harassment" (Matter of James XX. v Tracey YY., 146 AD3d 1036, 1039 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]). In our view, the father's alleged pattern of unwanted contact with the mother and disregard for the mother's express requests to cease that conduct would, if true, permit a factfinder to infer the requisite intent to harass, annoy or alarm and to conclude that the father's alleged conduct served no legitimate purpose (see Matter of Samah DD. v Mark VV., 235 AD3d at 1119-1120; Matter of Erica II. v Jorge JJ., 165 AD3d 1390, 1392 [3d Dept 2018]; Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1324 [3d Dept 2017]; Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1131 [3d Dept 2015]). Thus, the allegations contained in the petition are sufficient to state a cause of action for a family offense based on second-degree harassment (see Matter of Walter Q. v Stephanie R., 201 AD3d 1142, 1144 [3d Dept 2022]; Matter of Craig O. v Barbara P., 118 AD3d at 1070; compare Matter of Charles E. v Frank E., 72 AD3d at 1440).

Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The mother does not raise any arguments directed at dismissal of the part of the petition alleging harassment in the first degree (see Penal Law § 240.25), and thus that issue is deemed abandoned (seeMatter of Christina Z. v Bishme AA., 132 AD3d at 1103 n).