■ GADA ELKENANI, Respondent, v AHMED ABDEL-RAOUF, Appellant. [736 NYS2d 167] —Mercure, J. Appeal from an order of the Supreme Court (Kramer, J.), entered December 5, 2000 in Schenectady County, which denied defendant's motion to vacate a default judgment of divorce.

The parties were married in July 1996. On or about April 1, 1998, defendant vacated the marital residence and moved to North Carolina. Plaintiff commenced this divorce action in September 1998. She was pregnant at the time of commencement of the action and alleged in the complaint that defendant was the father of her unborn child. Plaintiff gave birth to a son on December 19, 1998. Because defendant failed to appear in the action or to serve an answer, in March 1999 plaintiff made application for a default judgment of divorce. During the pendency of the application, defendant commenced a divorce action in North Carolina. On June 18, 1999, Supreme Court granted plaintiff a default judgment of divorce and retained jurisdiction of all matters of support, equitable distribution and ancillary relief. After being advised of the New York judgment of divorce, defendant discontinued the North Carolina action. In May 2000, Supreme Court granted plaintiff sole custody of the parties' son and Ordered defendant to pay child support of $178.76 per week. Finally, in August 2000, defendant moved to set aside the judgment of divorce and the subsequent orders based upon plaintiff's failure to advise Supreme Court of the pendency of the North Carolina action pursuant to Domestic Relations Law § 75-j (1) (a) or (b) or to personally serve defendant with an order of Supreme Court entered June 21, 1999, which scheduled a hearing on the issues of custody, visitation, support and equitable distribution. The application was also based upon his counsel's failure to seek a blood-grouping test in an attempt to disprove paternity of the child. Supreme Court denied the motion, and defendant appeals.

Because we conclude that defendant's August 2000 application and the present appeal are both devoid of merit, we affirm.

Initially, the present contentions concerning plaintiff's failure to submit a child residence affidavit pursuant to Domestic Relations Law § 75-j (1) and Supreme Court's failure to appoint a law guardian in its June 21, 1999 order were not raised in Supreme Court and are therefore unpreserved for our consideration (*see, Dutcher v Fetcher*, 183 AD2d 1052, 1054, *lv denied* 80 NY2d 761). In any event, any failure to comply with Domestic Relations Law § 75-j (1) did not prejudice defendant and Supreme Court surely did not abuse its discretion by not appointing a law guardian.

Further, because the North Carolina action raised no issue of custody or visitation of the child—defendant in fact took the position that there were no children born of the marriage—Domestic Relations Law § 75-j (1) (a) and (b) did not require disclosure of that action. As a final matter, given defendant's failure to make a formal application to establish paternity of the child and the speculative nature of the allegations contained in the affidavit he filed with the court, Supreme Court did not abuse its discretion in refusing to order a blood-grouping test (*see,* CPLR 3121 [a]).

Defendant's remaining contentions are either unpreserved, abandoned or have been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.