Carpinello, J.
Appeals (1) from an order of the Family Court of Cortland County (Sherman, J.), entered August 7, 2002, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior court order, and (2) from an order of said court, entered September 26, 2002, which prohibited respondent from contacting his children.
These divorced parties are the parents of three minor children. In the course of a domestic violence proceeding, an order of protection was issued in December 1999 directing respondent to stay away from petitioner and suspending his visitation. Respondent later brought a visitation modification petition but, after fact-finding and Lincoln hearings, an October 2000 order was issued awarding petitioner sole custody and continuing the suspension of respondent’s visitation. Respondent was directed *827 to attend weekly mental health counseling for six months, at the conclusion of which he could, upon a positive recommendation by his counselor, begin limited supervised visitation with the children.
One year later, petitioner brought the instant petition contending that respondent violated the terms of the October 2000 order by failing to complete the court-ordered counseling and by attempting to contact the children by telephone, at school and at athletic events. Family Court issued a temporary order of protection against respondent prohibiting any contact with the children. After holding a fact-finding hearing and considering the transcript of the prior proceeding, the court found that respondent violated the terms of the prior order and continued the suspension of visitation. The court also issued a permanent order of protection barring him from having any contact with the children until the youngest child’s 18th birthday in September 2011.
On this appeal, respondent contends that the evidence before Family Court does not support its finding that he violated the terms of the prior order. We disagree. The record reflects that respondent did not attend weekly mental health counseling sessions as directed by the court, but rather saw a counselor a total of nine times, with only five visits occurring during the relevant time period. Further, the testimony of respondent’s counselor established that he did not participate in any meaningful way at those few sessions because he denied having any problems requiring counseling. In our view, respondent did not comply with the court-ordered counseling and, thus, failed to meet this condition for resumption of visitation. Accordingly, Family Court’s order continuing the suspension of visitation was proper.
Nor did Family Court err when it issued the permanent order of protection barring respondent from contact with the children. To be sure, “the denial of visitation [to a noncustodial parent] is a drastic remedy” appropriate only for compelling reasons and upon a showing of substantial evidence that visitation would be detrimental to the children (Matter of Robert TT v Carol UU., 300 AD2d 920, 920 [2002]; see Matter of Nicole VV., 296 AD2d 608, 611 [2002], lv denied 98 NY2d 616 [2002]). In this case, respondent admitted in earlier proceedings that he had committed serious domestic violence against petitioner in the children’s presence and also caused injuries to the youngest child. While respondent readily acknowledged this conduct, and acknowledged that the children were frightened by his behavior, he has since denied having any problems that would require *828 counseling. In light of respondent’s lack of insight into his problems, and in view of his testimony and other evidence that the children fear him, we find a sound and substantial basis for Family Court’s order of protection (see Matter of Robert TT. v Carol UU, supra at 922; Matter of Shaun X., 228 AD2d 730, 732 [1996]; cf. Matter of Strempler v Savell, 287 AD2d 827, 828 [2001]). We note that respondent can seek modification of this order of protection in the future upon a proper showing of a change in circumstances and that any resumption of visitation would be in the children’s best interests (see Matter of Nicole VV., supra at 613; Matter of Royea v Hutchings, 260 AD2d 678, 680 [1999]).
Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.