In the Matter of SHELLY JONES, Respondent, v SHAWN McMORE, Appellant. (And Two Other Related Proceedings.) [830 NYS2d 380]—

Mugglin, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered February 4, 2005, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner is the mother and respondent is the father of a son (born in 1998). When the parties divorced, Supreme Court referred the issue of custody to Family Court and that court awarded custody to petitioner and gave limited, unsupervised visitation (six hours each Saturday) to respondent. These proceedings involve petitioner's request to suspend or terminate respondent's visitation and respondent's cross petition for sole custody. Because of the serious nature of the allegations in the petition, by order to show cause, Family Court suspended respondent's visitation in December 2003. Following an extensive evidentiary hearing, Family Court granted petitioner sole legal custody and indefinitely suspended respondent's rights of visitation, except for access to the child via e-mail which can be screened by petitioner. Respondent appeals.

In our review of the grant or denial of visitation to a noncustodial parent, we accord deference to Family Court's

factual findings and credibility determinations and generally do not disturb the discretionary decision of Family Court absent a sound and substantial basis in the record (*see Matter of Shaun X.*, 300 AD2d 772, 773 [2002]; *Matter of Sheavlier v Melendrez*, 296 AD2d 622, 623 [2002]; *Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Watts v Watts*, 290 AD2d 822, 824 [2002], *lv denied* 97 NY2d 614 [2002]; *Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]). Nevertheless, total denial of visitation to a noncustodial parent should only be affirmed where the totality of the record contains compelling reasons to deny visitation as detrimental to the child's well-being (*see Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]; *Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004]; *Matter of Brown v White*, 3 AD3d 743, 744 [2004]; *Matter of Stitzel v Brown*, 1 AD3d 826, 827 [2003]; *Matter of Sheavlier v Melendrez, supra* at 623; *Matter of Nicole VV., supra* at 611; *Matter of Williams v Tillman, supra* at 885; *Matter of Strempler v Savell*, 287 AD2d 827, 828 [2001]). Our review of this record leads us to the conclusion that this is, indeed, one of those rare instances where the denial of visitation is necessary for the protection of the child. The credible evidence amply supports Family Court's findings that respondent repeatedly subjected the child to severe psychological abuse, including: telling the child that petitioner hired a hit man to kill respondent; tape recording (in violation of a court order) the child making such an accusation and taking the child to the police station where the recording was played by respondent; reporting to the Department of Social Services this same accusation; telling the child that petitioner had killed respondent's pet goats; telling the child that petitioner tried to burn respondent's house by throwing a bottle of gasoline against it; telling the child that petitioner had cut the brake lines on respondent's car; telling the child that petitioner had, on more than one occasion, cut the telephone lines at respondent's house; telling the child that airplanes crash all the time just prior to the child leaving on vacation with petitioner to fly to Alabama; and telling the child about young children being killed. Moreover, Family Court found that respondent disobeyed prior orders of the court by tape recording the child and by not successfully completing psychological counseling despite a psychiatrist's conclusion that respondent continues to have "a delusional belief system." In addition, respondent has three founded child abuse reports filed with the New York State Central Child Abuse Registry.

Petitioner and her father testified concerning the physical and psychological effect that respondent's conduct has had on the child and how the child's behavior has improved once visita-

tion with respondent ceased. Two police officers testified that they investigated respondent's complaints that petitioner had killed his goats, cut his brake lines and telephone wires and tried to burn his house and they could find no credible evidence that petitioner was involved in any way. Finally, the psychiatrist doing the court-ordered evaluations reported that he was unable to conduct a joint session with the child and respondent because of the child's inordinate fear that respondent would harm both the psychiatrist and the child. On this record, we remain unconvinced that even supervised visitation would not be harmful for this child at this time.

Lastly, we reject respondent's argument that Family Court improperly relied on a "report" by the child's Law Guardian. At the conclusion of the trial, Family Court asked counsel for both parties and the Law Guardian to submit a summation. While Family Court's decision incorrectly refers to the Law Guardian's summation as a report, it is clear from reading the record that the Law Guardian, as requested, submitted a summation advocating correctly for the position of the child (*see Matter of Graham v Graham*, 24 AD3d 1051, 1053-1054 [2005], *lv denied* 6 NY3d 711 [2006]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.