■ Pauline Dana-Sitzer, Respondent, v Steven Sitzer, Appellant. [851 NYS2d 530]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), entered December 28, 2006, which, insofar as appealed from as limited by the briefs, awarded sole custody of the parties' children to plaintiff pursuant to an order, same court and Justice, entered on or about November 21, 2006, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant never asked the trial court to appoint a law guardian or forensic mental health expert for the parties' children, or to conduct an in camera interview with the children. Accordingly, his current argument that the trial court should have done all of these things is unpreserved (*see Matter of Diaz v Santiago*, 8 AD3d 562, 563 [2004]; *Elkenani v Abdel-Raouf*, 290 AD2d 720, 721 [2002], *lv dismissed* 98 NY2d 646 [2002]), and we do not find any public policy exception to the preservation requirement in this case. In any event, the court's failure to appoint a law guardian or expert or conduct an interview sua sponte was not an improvident exercise of its discretion, as the record does not indicate that they were necessary for the court to resolve the custody issue (*see Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]), and defendant's claim that the children's due process rights were violated is unavailing.

An award of sanctions pursuant to 22 NYCRR 130-1.1 is not warranted under the circumstances presented. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.