In the Matter of CHRISTINA ABARE, Respondent, v TRAVIS ST. LOUIS, Appellant. [857 NYS2d 762]—

---

3. The child did not identify who it was that allegedly struck him.

Rose, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 25, 2006, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2001) and a son (born in 2004). In 2005, the parties agreed to a custody order granting the mother sole custody of the children with the father having limited visitation supervised by his sister. Five months later, the mother applied for modification of the order to either terminate the father's visitation or provide for supervision by an agency. She alleged that the father's sister had failed to supervise the visitation and the daughter had developed emotional and psychological problems due to her visitation with him. After a trial, Family Court denied the father any visitation with the daughter, but granted him limited visitation with the son, to be supervised by an agency. The court also issued orders of protection directing the father to, among other things, stay away from the daughter until her 18th birthday.

The father now appeals, arguing first that Family Court erred in refusing to appoint substitute counsel for him when he developed a disagreement with his assigned counsel. As Family Court informed him, however, his disagreement arose from his desire that counsel investigate incidents which were not relevant to the issues in the custody proceeding. When the father continued to insist that he not be represented by his present counsel and sought an adjournment to retain his own attorney, the court granted him an ample adjournment for that purpose. Under these circumstances, we find that the father failed to establish grounds for the appointment of substitute counsel (see Matter of Rutz v Carinci, 6 AD3d 992, 993 [2004]; Matter of Petkovsek v Snyder, 251 AD2d 1086, 1086 [1998]; Matter of Mooney v Mooney, 243 AD2d 840, 841 [1997]). Nor did Family Court err in allowing the father to proceed pro se, as he was fully apprised of his right to representation by his assigned counsel and was advised that proceeding without counsel could place him at a disadvantage (cf. Matter of Hassig v Hassig, 34 AD3d 1089, 1091 [2006]).

The father next contends that Family Court erred in denying him visitation with his daughter. In reviewing the denial of visitation, as with the issue of custody, we defer to Family Court's credibility determinations and, where there exists a

sound and substantial basis in the record, we generally do not disturb the court's findings (*see Matter of Jones v McMore*, 37 AD3d 1031, 1031-1032 [2007]; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]). Here, the record amply demonstrates that visitation would be detrimental to the welfare of the child, as it must to justify a total denial of visitation (*see Matter of Jones v McMore*, 37 AD3d at 1032; *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). The daughter's therapist testified that the child was referred to therapy for oppositional behaviors, defiant behaviors, cruelty to animals, self-mutilation, suicidal ideation, homicidal ideation toward her mother, and rapid mood swings. She attributed these problems to the child's highly traumatic relationship with the father, noting that the daughter was extremely fearful of him and did not want to visit with him because he hit her, screamed at her, swore at her, and made vile and abusive comments about her and her mother. The therapist also testified that the child demonstrated a definite and significant improvement when she stopped seeing the father. This testimony, together with the daughter's treatment records and the father's admissions regarding his difficulty controlling his anger, his extended incarceration for repeated violations of orders of protection, and his unmedicated manic depression, supports the conclusion that continued visitation with the father would be detrimental to her well-being.

Nor do we find merit in the father's claim that it was inconsistent for Family Court to deny visitation with the daughter and permit it with the parties' son, who was two years old at the time of trial. The record contains no evidence that the son has a similar fear of the father or that there is any other basis to find that supervised visitation would be harmful to his well-being. As to each child, the court's " 'primary consideration in deciding the issue of visitation is the best interest of the child' " (*Matter of Frierson v Goldston*, 9 AD3d at 614, quoting *Matter of Rogowski v Rogowski*, 251 AD2d 827, 827 [1998]). Certainly, differing circumstances as to siblings can justify differing determinations as to visitation (*see e.g. Matter of Horike v Freedman*, 37 AD3d 978 [2007]).

Finally, Family Court did not err by issuing the orders of protection precluding the father's contact with the daughter until she reaches her 18th birthday (*see Matter of Anson v Anson*, 20 AD3d at 604; *Matter of Krista I. v Gregory I.*, 8 AD3d 696, 698 [2004]; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]). Such restrictions are authorized under Family Ct Act article 6 and are appropriate here in light of the father's admitted dif-

ficulty controlling his temper and his daughter's fear of him (*see Matter of Stitzel v Brown*, 1 AD3d 826, 828 [2003]).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.