In the Matter of JEAN A. McKENNEY, Respondent, v DANIEL A. WESTERVELT, Appellant. (And Another Related Proceeding.) [899 NYS2d 448]—

Cardona, P.J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered June 19, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a son born in April 2004. The family resided together in North Carolina until petitioner (hereinafter the mother) relocated with the child to New York in 2006. The parties thereafter stipulated to joint legal custody and alternating parenting time in six-week blocks until such time as the child commenced school. In 2009, when the parties could not agree as to where the child would attend school— either in New York or North Carolina—the mother commenced this modification proceeding seeking, among other things, primary physical custody. Respondent (hereinafter the father) cross-petitioned seeking, among other things, sole legal and physical custody.

A two-day fact-finding hearing ensued. On the first day of the hearing, the father appeared without counsel, having discharged his counsel, apparently for meritorious reasons. At the father's request, the hearing went forward, with the father proceeding pro se. On the second day of the hearing, counsel was assigned to the father. After briefly conferring with his client, counsel then requested an adjournment, which was denied. At the conclusion of the fact-finding hearing, Family Court, noting that it was "a very close case" and the parties are "both very good parents," granted the mother's petition, prompting this appeal.*

Initially, we are unpersuaded by the father's assertion that Family Court erred in permitting him to proceed pro se during the first day of the fact-finding hearing. The record reflects that Family Court sufficiently advised the father of his right to counsel and he effectively waived that right (*see Matter of Abare v St. Louis*, 51 AD3d 1069, 1070 [2008]; *Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002]).

We do find merit, however, to the father's contention that Family Court should have granted his newly-assigned counsel's request for an adjournment. It appears from the submissions herein that counsel was assigned at the beginning of the second day of the hearing and met his client for the first time that morning. He immediately requested an adjournment, stating that he needed additional time to consult with the father and become familiar with the facts of the case. Notably, there is no indication of any attempt to unreasonably delay the proceedings. Balancing all the relevant factors, under the particular circumstances presented herein, we find that counsel's request for an adjournment should have been granted in order to give him an opportunity to prepare. Accordingly, we remit the matter for a new hearing.

In view of the foregoing, the remaining issue need not be addressed.

Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the facts, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.

---

* The father's subsequent motion for reconsideration was dismissed.