*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    519068
_____

In the Matter of ALEXUS SS. and
    Others, Neglected Children.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                    Respondent;

CHEZZY SS.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

_____

        Marshall Nadan, Kingston, for appellant.

        Heather D. Harp, Ulster County Department of Social
Services, Kingston, for respondent.

        Valerie Wacks, Olivebridge, attorney for the children.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered March 27, 2014, which, in two proceedings
pursuant to Family Ct Act article 10-A, found that petitioner
failed to make reasonable efforts to finalize the permanency plan
for the subject children.

        Respondent's three children (born in 2006, 2009 and 2011)
were placed in petitioner's custody in March 2011.  A finding of

neglect was thereafter entered against respondent, and Family Court approved a permanency plan of reunification with respondent. At a September 2013 permanency hearing, the parties proposed that the permanency plan be altered to placement with fit and willing relatives — namely, the children's paternal aunt and uncle — in contemplation that they would obtain guardianship of the children and that the children may eventually be returned to respondent. Family Court rejected the parties' proposal, modified the permanency goal to placement for adoption and directed petitioner to file a petition seeking the termination of respondent's parental rights.[1]

Thereafter, petitioner removed the children from the custody of their foster parents and placed them in the custody of the aunt and uncle. Petitioner did not file a termination of parental rights petition as directed by Family Court, and, at a subsequent permanency hearing, Family Court held that petitioner failed to make reasonable efforts to execute the permanency plan of placement for adoption, continued that permanency plan and again directed petitioner to file a petition seeking the termination of respondent's parental rights. Respondent now appeals from this order.

This appeal must be dismissed as moot. Respondent has voluntarily surrendered his parental rights,[2] and there is no indication that he has challenged the voluntariness of that

---

[1] Upon petitioner's and respondent's appeals from that order, this Court determined that Family Court's modification of the permanency goal and directive that petitioner seek the termination of respondent's parental rights were not supported by a sound and substantial basis in the record (125 AD3d 1141, 1143 [2015]). Accordingly, we reversed so much of the order as changed the permanency goal from return to parent to placement for adoption and directed petitioner to file a termination of parental rights petition, and remitted the matter to Family Court for further proceedings (id. at 1143-1144).

[2] The mother has also surrendered her parental rights to the children.

surrender (see Matter of Randi NN. [Randi MM.—Joseph MM.], 80 AD3d 1086, 1086-1087 [2011], lv denied 16 NY3d 712 [2011]; Matter of Andrew L. [Cassi M.], 68 AD3d 1477, 1478 [2009]).[3] Furthermore, we do not find the exception to the mootness doctrine applicable under the circumstances presented here (see Matter of Randi NN. [Randi MM.—Joseph MM.], 80 AD3d at 1087; Matter of Vivian OO., 34 AD3d 1084, 1085 [2006]).

McCarthy, Egan Jr. and Rose, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Moreover, the permanency plan in the order appealed from was the direct result of Family Court's prior permanency hearing order (see Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120 [2011]), which, as noted, this Court modified by restoring the permanency goal to return to parent (125 AD3d at 1143-1144).