Egan Jr., J.
Appeal from an order of the Supreme Court (Meyer, J.), entered November 20, 2014 in Essex County, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties’ history is more fully set forth in this Court’s prior decision in a related matter {Matter of Mosier v Cole, 129 AD3d 1346 [2015]). Briefly, respondent Nikki Cole (hereinafter the mother) and respondent Adam Mosier (hereinafter the father) are the parents of a child (born in 2006). Although the *1336 mother and the father initially entered into an order on consent in November 2006, numerous modification and violation proceedings ensued, culminating — insofar as is relevant here — in an order dated May 13, 2014. Pursuant to the terms of that order, Supreme Court, among other things, awarded the mother visitation with the child on alternating weekends (Saturday and Sunday) from 10:00 a.m. to 4:00 p.m. and directed that the mother undergo substance abuse and mental health evaluations.
In June 2014, the then attorney for the child[1] filed a petition alleging that the mother violated the May 2014 order by, among other things, failing to comply with substance abuse treatment recommendations and failing to undergo a mental health evaluation. Thereafter, in October 2014, the attorney for the child filed a modification petition seeking to suspend all contact and communication between the mother and the child until such time as the mother completed substance abuse treatment and mental health counseling.[2] Following a hearing, Supreme Court, by order entered November 20, 2014, granted the modification petition and suspended the mother’s parenting time, contact and communication with the child pending further order of the court. The mother now appeals from Supreme Court’s November 2014 order.
The father and the attorney for the child on appeal have advised this Court that, during the pendency of this appeal, additional proceedings ensued and further orders were issued relative to, among other things, the mother’s visitation with the child. Inasmuch as the November 2014 order from which the mother appeals has been superseded by these subsequent orders, including an April 2016 order entered on consent, the instant appeal is moot (see Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [2014]). Further, as the exception to the mootness doctrine does not apply here, this appeal must be dismissed (see generally Matter of Alexus SS. [Chezzy SS.], 130 AD3d 1266, 1267-1268 [2015]).
McCarthy, J.P., Garry, Devine and Aarons, JJ., concur.
Ordered that the appeal is dismissed, as moot, without costs.

. The child is represented by a different attorney on this appeal.

. The father was named as a respondent in each of these petitions, but all of the allegations contained therein were addressed to the mother.