*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    520301
_____

In the Matter of CHARLES EE.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

HANNA FF.,
                    Appellant.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        Christopher A. Pogson, Binghamton, for appellant.

        Alena E. Van Tull, Binghamton, for respondent.

        Larisa Obolensky, Delhi, attorney for the child.

        Allen E. Stone Jr., Vestal, attorney for the child.

_____

Lynch, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered December 9, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody and visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of two
children (born in 1999 and 2002).  By order dated July 23, 2012,
Family Court awarded the mother sole custody of the children.
The father was denied visitation because he refused to consent to
supervised visitation, subject to the qualifier that "should [the
father] reconsider supervised visits, he may petition the court

for such relief." In May 2014, the father petitioned for a modification of the custody order, now seeking supervised visitation with the children. The mother opposed the request, but, after a fact-finding hearing that included a Lincoln hearing, Family Court granted the petition, approving supervised visitation in a therapeutic setting, with scheduled telephone contact two evenings a week. The mother appeals.

To begin, the attorney for the older child has provided this Court with Family Court's February 2016 order granting the father biweekly unsupervised visitation with the older child, and expressly superceding the order on appeal. It follows that this appeal is moot insofar as it applies to the older child (see Matter of Attorney for the Child v Cole, ___ AD3d ___, ___, 2016 NY Slip Op 04477, *1 [2016]; Matter of McKenna v McKenna, 137 AD3d 1464, 1465 [2016]).

As for the younger child, we agree with the father that, in view of the qualifying language of the July 2012 order, he was not required to first show a change in circumstances before seeking supervised visitation. Here, Family Court explained that the prior order "allowed the [f]ather to refile an appropriate petition for visitation in the future . . . without the burden of demonstrating a . . . change in circumstances." As such, the issue distills to whether supervised visitation would be in the best interests of the younger child (see Matter of Andrea CC. v Eric DD., 132 AD3d 1028, 1029 [2015]). Visitation with a noncustodial parent is presumed to be in the best interests of a child, but not where that parent's behavior is shown to be detrimental to the child's welfare (see Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [2011]).

Family Court duly noted, and the father concedes in his brief, that his conduct toward the mother continues to be inappropriate. The father presented the testimony of Roxanne Bocklert, an addiction specialist, who assessed the father in June 2014 and diagnosed him with alcohol dependency in sustained full remission — meaning that he had abstained from alcohol for a year. Family Court was not convinced, commenting that it did not believe that the father was sober. Notably, Bocklert also

testified that the father continued to use marihuana on a daily basis, which the father explained "helps him with sleep and back pain."  That said, Jan Prentice, who provided family counseling for the father and met with the children on three or four occasions, testified that she would facilitate joint counseling sessions between the father and the younger child.  Without in any way excusing the father's abusive conduct, the court concluded, nonetheless, that limited, supervised visitation would not be detrimental to the younger child.  Given this realistic assessment by the court, and considering that a Lincoln hearing was held, we find a sound and substantial basis in the record for the court's determination (see Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1171 [2015]; Matter of Keen v Stephens, 114 AD3d 1029, 1031 [2014]).

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.


ORDERED that that portion of the appeal as applied to the older child is dismissed, as moot, without costs.

ORDERED that the remainder of the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court