In the Matter of ATTORNEY FOR THE CHILDREN, Respondent, v BARBARA N. et al., Respondents, and HARRY M., Appellant. [58 NYS3d 728]—

Garry, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 24, 2016 which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Respondent Heather L. (hereinafter the mother) and respondent Harry M. (hereinafter the father) are the parents of two daughters (born in 2002 and 2005) and one son (born in 2004). In 2014, primary custody of the children was awarded to respondent Barbara N., a nonrelated family friend, upon the parents' consent and stipulation within neglect proceedings then pending, and the parents were allowed supervised visitation. In April 2016, petitioner, the attorney for the children, commenced this modification proceeding seeking to suspend the parents' visitation based on the daughters' disclosures of physical and sexual abuse by the parents.* Following multiple hearings on this and related proceedings, Family Court granted petitioner's application in part by suspending the father's visitation and permitting the mother to continue exercising supervised visitation in public settings. The father appeals.

In seeking to modify the visitation, it was petitioner's initial burden to demonstrate a change in circumstances sufficient to warrant a review of the children's best interests since the prior

---

* The son is described as autistic and nonverbal.

order and, if this burden was met, to next demonstrate that modification was in the children's best interests (*see Matter of William O. v John A.*, 148 AD3d 1258, 1259 [2017], *lv denied* 29 NY3d 908 [2017]; *Matter of Merwin v Merwin*, 138 AD3d 1193, 1194 [2016]). Family Court's findings of fact are entitled to great deference, and we will not disturb the determination where it is supported by a sound and substantial basis in the record (*see Matter of Gallo v Gallo*, 138 AD3d 1189, 1190 [2016]; *Matter of Wagner v Wagner*, 124 AD3d 1154, 1154 [2015]). Although visitation with a noncustodial parent is presumed to be in the best interests of a child, this presumption may be rebutted and visitation denied where it is shown that the parent's behavior is detrimental to the child's welfare (*see Matter of Charles EE. v Hanna FF.*, 141 AD3d 754, 755 [2016]; *Matter of Stitzel v Brown*, 1 AD3d 826, 827 [2003]).

The prior neglect proceeding, which had led to the parents' loss of custody, arose following sexual abuse of the children by a family friend. For this reason, each of the daughters was attending counseling. In the course of their separate counseling sessions, each of the daughters disclosed further abuse by the parents, and petitioner then commenced this proceeding seeking to suspend the parents' visitation upon this basis. At the hearing, the two social workers who were counseling each of the daughters were called to testify. At the outset of their testimony, each of these witnesses described her respective education, experience and credentials, and was found qualified to offer expert testimony, without objection. The older daughter's social worker testified that the child had initially denied abuse by the parents, but, in the course of their continuing sessions, the older daughter had revealed that she had witnessed the parents engage in sex, and that the father had masturbated in front of her and had touched her near her private parts. She further revealed that the mother had bathed her until she was 11 years old, that there was limited food in the house, and that the son had been physically abused and forced by the father to have sex with the younger daughter. This social worker testified that, over time, the details of these statements related to abuse had remained consistent. The older daughter had reportedly expressed that visitation "brings up bad memories," and had reported experiencing flashbacks, nightmares, difficulty sleeping, headaches, anger and irritability. Although expressing some interest in visitation with the mother, she did not want to visit with the father. The social worker diagnosed the older daughter, to a reasonable degree of certainty in the field of social work, with posttraumatic stress disorder (hereinafter PTSD), and opined that visitation would be detrimental to her emotional health.

The social worker for the younger daughter testified that she disclosed allegations of sexual abuse by the parents almost immediately after beginning counseling. Consistent with the older daughter's statements, the younger daughter disclosed that the father was physically abusive, did not permit her to bathe, would ask her to fondle him and would force her to have sex with her brother while he watched. When the social worker asked her what she meant by sex, the younger daughter accurately described sexual intercourse and explained that this was what she was forced to engage in with her brother. The younger daughter reported experiencing flashbacks at certain locations associated with visitation with the parents, nightmares and anxiety, and the social worker described her as "hyper vigilant." She was agreeable to continuing visits with her mother in public settings, but did not want to continue visitation with the father. The social worker diagnosed the younger daughter with PTSD, and further opined, to a reasonable degree of certainty in the field of social work, that continued visitation with the father would be detrimental to her mental health. This testimony clearly demonstrated a change in circumstances, and Family Court properly proceeded with a best interests analysis (*see Matter of Quick v Quick*, 227 AD2d 666, 667 [1996]).

Notably, the father did not produce any evidence contradicting the daughters' allegations. There is an argument raised that there was some contrary testimony by the father, but review of the record reveals that this limited testimony addressed allegations of abuse occurring during the course of the visitation; the allegations of abuse occurring prior to the supervised visitation remained uncontroverted. The father's primary contention, in essence, is that Family Court erred in relying upon the social workers as expert witnesses in determining the children's best interests. However, as set forth above, each of these witnesses was properly qualified to offer expert testimony. By failing to offer any objection to their expert credentials or testimony at the time of trial, the father waived appellate review of this issue (*see Matter of April WW. [Kimberly WW.]*, 133 AD3d 1113, 1116 [2015]; *Matter of Kaitlyn R.*, 267 AD2d 894, 896 [1999]).

Nor is there merit in the father's contention that Family Court should have, sua sponte, ordered an independent psychological evaluation to determine whether preparational therapy would have been in the children's best interests. No such request was made at the hearing, rendering this contention unpreserved for review (*see Matter of Adam MM. v Toni*

*NN.*, 124 AD3d 955, 957 [2015]; *Dana-Sitzer v Sitzer*, 48 AD3d 354, 354 [2008]). In any event, the uncontroverted expert testimony of the social workers established that continued contact with the father would be detrimental to the daughters' mental health; Family Court was not required to evaluate and determine whether preparational therapy was appropriate prior to directing suspension of the father's visitation (*see* Family Ct Act § 251 [a]; *compare Matter of Robert TT. v Carol UU.*, 300 AD2d 920, 922 [2002]).

The evidence established that the daughters suffer from PTSD, experience both physical and mental manifestations of trauma when visiting with the father, and have expressed their desire to cease visitation with him. Considering the severity of the daughters' cross-corroborated allegations of sexual abuse by the father, and the expert testimony describing the risk to their overall health should visitation continue, Family Court's determination suspending the father's visitation was supported by a sound and substantial basis in the record, and we will not disturb it (*see Matter of Abare v St. Louis*, 51 AD3d 1069, 1071 [2008]; *Matter of Jones v McMore*, 37 AD3d 1031, 1032 [2007]).

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.