■ In the Matter of JAMIE UU., Appellant, v DAVID VV., Respondent. (And Four Other Related Proceedings.) [55 NYS3d 917]—Devine, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered February 3, 2015, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter and two sons (born in 2004, 2005 and 2007, respectively). Pursuant to a 2010 custody order, the parties shared legal and physical custody of the children. The custody arrangement was modified in 2014 to, among other things, direct the parties to refrain from excessive corporal punishment. The proceedings at issue here followed closely in the wake of the 2014 order and included petitions by each parent (and, in the mother's case, two petitions) seeking to modify the prior order. The mother also filed two petitions, not included in the record, alleging that the father had violated the terms of the prior order.

Following a combined hearing, Family Court granted the mother sole legal and physical custody of the daughter and granted the father sole legal custody of the sons with physical custody to be shared between the parties. In the same order,

Family Court dismissed the mother's violation petitions. The mother now appeals.[1]

During the pendency of this appeal, Family Court issued an order that, with respect to all three children, granted the parties shared legal custody with physical custody to the mother and Sunday visitation to the father. The mother's only contentions on her appeal are that Family Court erred in granting the father sole legal custody of the sons and in failing to award her primary physical custody of all three children.[2] Inasmuch as the subsequent 2016 order provided such relief, the mother's appeal has been rendered moot and must be dismissed (see Matter of Attorney for the Child v Cole, 140 AD3d 1335, 1336 [2016]; Matter of Jones v Tucker, 125 AD3d 1273, 1273 [2015]; compare Matter of Virginia C. v Donald C., 114 AD3d 1032, 1032 [2014]; Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]).

McCarthy, J.P., Garry, Lynch and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

**1.** Although the father filed a notice of appeal, he failed to file an appellate brief.

**2.** To the extent that the mother challenges the dismissal of her two violation petitions, we note that her notice of appeal references Family Court's order only insofar as it affects the parties' custody arrangement. Moreover, while the mother makes offhand references to the violation petitions in her brief on appeal, she failed to include the petitions in the record. "The mother, as the appellant, submitted this appeal on an incomplete record and must suffer the consequences" (Matter of Lopez v Lugo, 115 AD3d 1237, 1237 [2014] [internal quotation marks and citations omitted]; see Matter of Pratt v Anthony, 30 AD3d 708, 708 [2006]).