Matter of William DD. v Amanda CC. (2018 NY Slip Op 04401)





Matter of William DD. v Amanda CC.


2018 NY Slip Op 04401


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

522926

[*1]In the Matter of WILLIAM DD., Respondent,
v
AMANDA CC., Respondent, and TIMOTHY BB., Appellant. (And Other Related Proceedings.)

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Natanya E. DeWeese, Ithaca, for appellant.
Lindsey H. Kaplan, Kingston, for William DD., respondent.
Michelle I. Rosien, Philmont, for Amanda CC., respondent.
Mark A. Schaeber, Liverpool, attorney for the child.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered April 8, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Respondent Amanda CC. (hereinafter the mother) is the mother of the subject child (born in 2010). Respondent Timothy BB. was named on the child's birth certificate and originally thought that he was the father, but a 2013 order of filiation established paternity in favor of petitioner (hereinafter the father). A November 2014 amended custody order awarded joint legal custody to the mother and the father, primary physical placement to the mother, visitation to the father on alternate weekends and half of the child's school breaks, and visitation to Timothy BB. on alternate weekends. As relevant here, the father commenced a proceeding seeking sole custody of the child and, in a supplemental petition, termination of Timothy BB.'s visitation. After hearings, Family Court, among other things, awarded the father sole legal and [*2]physical custody of the child, granted the mother parenting time on alternate weekends and holidays, and terminated court-ordered visitation with Timothy BB., but provided that he could have visitation as agreed upon by the parties and that the mother may allow such visitation during her parenting time. Timothy BB. appeals.
Initially, the parties' arguments concerning standing are misplaced. The prior order granted Timothy BB. visitation, and he did not affirmatively seek any additional visitation in these proceedings. Thus, he had no obligation to establish standing, as he merely intended to maintain the status quo in relation to his visitation.
Nevertheless, Family Court's decision to terminate Timothy BB.'s court-ordered visitation has a sound and substantial basis in the record. To prevail on his modification petition, the father was required to show a change in circumstances since the entry of the prior order and, upon satisfying that burden, demonstrate that modification of visitation was in the child's best interests (see Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018]; Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]). Family Court's factual findings are entitled to great deference and, its determination will not be disturbed on appeal if it is supported by a sound and substantial basis in the record (see Matter of Fiacco v Fiacco, 158 AD3d at 1012; Matter of Attorney for the Children v Barbara N., 152 AD3d 903, 904 [2017]).
The father testified that, following a visit with Timothy BB., the child had red marks on his buttocks. By the next day, the marks had turned to blisters, they were diagnosed as second-degree burns and the child was required to spend several days in the hospital's burn unit. Timothy BB. explained that the child and his half brother had gotten into paint, some of which ended up on the child's buttocks, and Timothy BB. used various cleaning agents in his efforts to remove the paint. Hospital records indicate that the injury was not consistent with this story. Family Court found that Timothy BB. lacked credibility and his explanation raised concern. In addition to this injury, Family Court found that Timothy BB. attempted to have the mother arrested, "played games with her visitation" with the child's half brother and "appeared disingenuous in court." Although Child Protective Services deemed the report of the burn incident unfounded, and there was no proof that Timothy BB. maliciously or intentionally burned the child, this questionable injury to the child while in his care, along with Timothy BB.'s other actions, was sufficient to demonstrate a change in circumstances. Moreover, the court's determination that the child's best interests would be served by terminating court-ordered visitation with Timothy BB. has a sound and substantial basis in the record (see Matter of Raymond H. v Rita B., 120 AD2d 528, 528 [1986]; cf. Matter of Ashlyn Q. [Talia R.], 130 AD3d 1166, 1169 [2015]).
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.