Matter of Stephen K. v Sara J. (2019 NY Slip Op 02400)





Matter of Stephen K. v Sara J.


2019 NY Slip Op 02400


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

526595

[*1]In the Matter of STEPHEN K., Appellant,
v
SARA J., Respondent. (Proceeding No. 1.)
In the Matter of STEPHEN K., Appellant,
SARA J., Respondent. (Proceeding No. 2.)

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


John Ferrara, Monticello, for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals from two orders of the Family Court of Sullivan County (McGuire, J.), entered March 5, 2018, which, in two proceedings pursuant to Family Ct Act article 6, sua sponte dismissed the petitions.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2015). In October 2017, Family Court entered an order that (1) granted shared legal custody to both parents with physical custody to the mother, (2) granted weekly parenting time to the father at the Sullivan County jail, so long as the mother continued to reside in New York, with monthly parenting time if the father were moved to a state facility where it was feasible for the mother to transport the child for visits, and (3) gave permission to the mother to relocate to Florida. In November 2017, the court entered an order on consent that, as pertinent here, directed the mother to bring the child to the Sullivan County jail for weekly visits while the father was housed there and granted the father parenting time every 12 to 16 weeks following the mother's relocation to Florida.
In January 2018, the father commenced the first of these proceedings seeking to modify the November 2017 order by granting him parenting time twice monthly while he was housed in a state correctional facility. At the same time, the father commenced a second proceeding seeking to hold the mother — who had not yet relocated — in violation of the November 2017 order because, as pertinent here, she was allowing the child to call her paramour "Dad" and [*2]"Daddy."[FN1] Family Court dismissed the modification petition, finding that there was no change in circumstances because the parties had anticipated the father's transfer to a state facility when they agreed to the November 2017 order. The court also dismissed the violation proceeding on the ground that the mother's alleged conduct did not violate any provisions of the November 2017 order. The father appeals from both orders.
This Court has been advised that, while these appeals were pending, Family Court entered an order in a subsequent modification proceeding granting parenting time to the father while he is housed in a state correctional facility. Thus, the parties' rights and interests can no longer be affected by the determination of the appeal from the dismissal of the modification proceeding, and that appeal has been rendered moot (see Matter of Ramon U. v Nicia V., 162 AD3d 1252, 1252 [2018]; Matter of William O. v Wanda A., 151 AD3d 1189, 1190-1191 [2017], lv denied 30 NY3d 902 [2017]; Matter of Attorney for the Child v Cole, 140 AD3d 1335, 1336 [2016]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
As for the dismissal of the violation proceeding, the father concedes that the November 2017 order had no provisions governing the names that the parties could permit the child to use for other persons. Nevertheless, he contends that, as Family Court was required to construe his allegations liberally in view of his pro se status (see e.g. Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]), the court should have treated his violation petition as a request for modification, seeking to include such a provision. However, the father made no such request within either the violation proceeding or the modification proceeding that he commenced on the same day. Further — even assuming that the father's claims were sufficient to establish a change in circumstances warranting a review of the child's best interests as determined less than two months earlier (compare Matter of Opalka v Skinner, 81 AD3d 1005, 1005-1006 [2011]) — the father later had the opportunity to raise this issue within the modification proceeding that he commenced while these appeals were pending. Thus, we find no basis upon which to disturb the dismissal of the violation proceeding.
Egan Jr., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the appeal from the order entered March 5, 2018 dismissing the modification petition is dismissed, as moot, without costs.
ORDERED that the order entered March 5, 2018 dismissing the violation petition is affirmed, without costs.



Footnotes

Footnote 1: The father also asserted that the mother had failed to transport the child to the jail for visitation. As his appellate brief includes no related arguments, we deem any such issues to be abandoned (see Matter of Ysabel M. [Ysdirabellinna L.—Elvis M.], 137 AD3d 1502, 1503 n 1 [2016]).