Matter of Jessica D. v Michael E. (2020 NY Slip Op 02133)





Matter of Jessica D. v Michael E.


2020 NY Slip Op 02133


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

527036

[*1]In the Matter of Jessica D., Appellant,
v
Michael E., Respondent.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Karen R. Crandall, Schenectady, for appellant.
Alexandra J. Buckley, Clifton Park, for respondent.
Veronica Reed, Schenectady, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Blanchfield, J.), entered May 31, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2007).[FN1] Under a 2008 order, the father has sole legal and physical custody of the child. The 2008 order also provided that the mother's visitation with the child would be suspended pending an application to reconsider such order. In 2016, the mother commenced this modification proceeding seeking visitation with the child. Particularly, the mother alleged that she wanted to establish a relationship with the child and to see him so that she could let him know that she had made mistakes in the past. In March 2018, a hearing was held wherein the mother was the only witness to testify and the report of a court-appointed forensic evaluator was admitted into evidence. Following the hearing, Family Court found that the requested visitation would not be in the best interests of the child and dismissed the mother's petition. The mother appeals.
The mother satisfied her threshold burden of establishing a change in circumstances since the entry of the 2008 order so as to warrant an examination of the best interests of the child. Family Court found, and the record confirms, that the mother had made significant improvements in her life since the 2008 order by acquiring stable housing and employment and no longer abusing drugs. Accordingly, the court's finding that a change in circumstances existed will not be disturbed (see Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1342 [2018]).
We do not, however, reach the same conclusion regarding Family Court's determination to deny the mother any visitation with the child. "[V]isitation with a noncustodial parent is presumed to be in a child's best interests" (Matter of Heather SS. v Ronald SS., 173 AD3d 1271, 1272 [2019] [internal quotation marks and citations omitted]; accord Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1171 [2019]; Matter of Boisvenue v Gamboa, 166 AD3d 1411, 1413 [2018]). The denial of visitation to a noncustodial parent is a drastic remedy that may be ordered only if compelling reasons and substantial evidence exist showing that visitation would be detrimental to the child's welfare (see Matter of Richard GG. v M. Carolyn GG., 169 AD3d at 1171; Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018]; Matter of Attorney for the Children v Barbara N., 152 AD3d 903, 904 [2017]). Although Family Court's findings are generally accorded great deference, they must be set aside when they are not supported by a sound and substantial basis in the record (see Matter of Ahmad v Naviwala, 306 AD2d 588, 590-591 [2003], lv dismissed 100 NY2d 615 [2003]; Matter of Gitchell v Gitchell, 165 AD2d 890, 893 [1990]).
The mother testified at the hearing that she had not seen the child in nine years due to her abuse of drugs. In that time, however, the mother recognized that she had problems and took steps to address them. The mother testified that she has a big apartment, made efforts to reach out to the child, regained custody of some of her other children and, as mentioned, was employed and had stopped using drugs for at least three years.
Notwithstanding the foregoing, Family Court gave undue weight to the report prepared by the forensic evaluator. We note that the recommendation of an appointed forensic evaluator is one factor that a court must consider in its analysis of the best interests of the child (see Matter of Morrow v Morrow, 2 AD3d 1225, 1226 [2003]). It is not, however, determinative (see Matter of Donald G. v Hope H., 160 AD3d 1061, 1062 [2018]). The forensic evaluator acknowledged the progress that the mother had made in her life — namely, her sobriety, the return of her other children and her maintaining stable employment. Yet, the forensic evaluator cited those same improvements as a basis for finding that the mother's life was chaotic and that she was not equipped, at that time, to add anything positive to the child's life. Sanctioning this rationale would essentially give no incentive to any parent to achieve stability in his or her life. Moreover, the forensic evaluator was cognizant that the father was a significant source of the child's antipathy towards the mother. The forensic evaluator further noted that there would likely be no movement towards reuniting the mother and the child based upon, in part, the father's indication that he would not comply with any visitation ordered by the court. In our view, the forensic evaluator essentially acquiesced to the father's preferences that the child have no contact with the mother and, in effect, gave them a higher priority over any court directive. Any unwillingness by the father to facilitate visitation does not demonstrate that the child's welfare would be placed in harm if visitation between the mother and the child occurred and in no way rebuts the presumption that visitation with the mother is in the best interests of the child. In view of the flaws in the forensic evaluator's report, it should have been given minimal consideration.
Family Court also found that the mother could not control her emotions during the trial. Although we do not discount a parent's emotional stability as one factor in the best interests analysis, there was little evidence, if any, indicating that the mother displayed the same emotional outbursts either with the children that she had just regained custody of or outside the courtroom setting. Accordingly, under the circumstances of this case, any inability of the mother to control her emotions at the hearing has little relevance (see Matter of Gonzalez v Ross, 140 AD3d 869, 871 [2016]). Furthermore, to the extent that the court relied on the forensic evaluator's opinion that the mother was emotionally labile, such opinion likewise has marginal value for reasons already mentioned.
Based on the foregoing, we find that Family Court's determination lacked a sound and substantial basis in the record (see Matter of Boisvenue v Gamboa, 166 AD3d at 1413; Matter of Laware v Baldwin, 42 AD3d 696, 697 [2007]; Matter of Strempler v Savell, 287 AD2d 827, 828 [2001]). Although our authority is as broad as that of Family Court, in view of the significant lapse of time since the hearing and the order appealed from, the prudent course would be to remit the matter for additional fact-finding and a determination on visitation (see Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1425 [2018]; Matter of Staff v Gelunas, 143 AD3d 1077, 1080 [2016]). Upon remittal, the court should consider whether directing the parties, including the child, to undergo counseling under the court's guidance with the goal of advancing to some form of visitation between the mother and the child (see Matter of Brown v Erbstoesser, 85 AD3d 1497, 1500 [2011]; Zoldan v Resnick, 134 AD2d 246, 246 [1987]) or whether ordering therapeutic visitation (see Matter of Heather NN. v Vinnette OO., 180 AD3d 57, 64-66 [2019]) would be in the best interests of the child. To that end, the court should also solicit the recommendation of a different forensic evaluator to aid in its ultimate determination. Based on our determination, the mother's remaining contentions are academic.
Egan Jr., J.P., Lynch, Devine and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The mother also has other children from separate relationships.