Matter of Mirely M. v Wilbert L. (2023 NY Slip Op 05772)

Matter of Mirely M. v Wilbert L.

2023 NY Slip Op 05772

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

536059
[*1]In the Matter of Mirely M., Appellant,
v
Wilbert L., Appellant, et al., Respondent. (Proceeding No. 1.)
In the Matter of Willow K., a Neglected Child. Schenectady County Department of Social Services, Respondent; Erica K., Respondent. Wilbert L., Appellant. (Proceeding No. 2.)

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Sandra M. Colatosti, Albany, for appellants.
Schenectady County Department of Social Services, Schenectady (Michael R. Godlewski of counsel), for Schenectady County Department of Social Services, respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.

Mackey, J.
Appeals from an order of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered July 19, 2022, which (1) dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the subject child, and (2) in proceeding No. 2 pursuant to Family Ct Act article 10, denied Wilbert L.'s motion to modify a prior order.
Respondent Erika K. (hereinafter the mother) and respondent Wilbert L. (hereinafter the father) are the biological parents of a child, who was born in February 2019 testing positive for amphetamines and Suboxone. Two days after the child's birth, petitioner Schenectady County Department of Social Services (hereinafter DSS) removed the child from the mother's care, placed her in a foster home, and commenced a neglect proceeding against the mother. The father, who has been incarcerated in a state correctional facility since before the child's birth,[FN1] married petitioner Mirely M. (hereinafter the stepmother) in August 2019. In February 2020, the stepmother commenced a Family Ct Act article 6 proceeding seeking custody of the child. Shortly thereafter, the mother was adjudicated to have neglected the child, prompting the commencement of an abandonment proceeding seeking to terminate the mother's parental rights.
In December 2020, the father made an oral motion pursuant to Family Ct Act § 1061 requesting that the order placing the child in foster care be modified to allow her to be placed with the stepmother, pursuant to Family Ct Act § 1017. Around the same time, the mother's parental rights were terminated for abandonment.[FN2] Family Court consolidated the petitions and, after a lengthy fact-finding hearing, dismissed the stepmother's custody petition and denied the father's oral motion to modify the placement order. The court found that, although the stepmother established her standing to seek custody of the child by showing extraordinary circumstances, both she and the father failed to demonstrate that awarding primary physical custody to her would be in the child's best interests. Among other things, Family Court found that the child has thrived in the home of her foster parents — the only home she has ever known — and that the foster parents have the resources and skill sets to meet the child's needs. Family Court further found that the stepmother has an extensive history of substance abuse and mental health issues, an indicated history with DSS concerning an educational neglect issue and a history of threats of violence toward her own child. Accordingly, Family Court dismissed the stepmother's petition and denied the father's motion. Both of them appeal.
The record reveals that after appealing, the father voluntarily surrendered his parental rights to the child.[FN3] The father has not filed a notice of appeal in connection with his surrender of parental rights; indeed, no challenge to the voluntariness of that surrender has been brought to our attention. Accordingly, his appeal is moot[*2](see Matter of David Q. v Schoharie County Dept. of Social Servs., 199 AD3d 1179, 1180 [3d Dept 2021], lv denied 38 NY3d 901 [2022]; Matter of Alexus SS. [Chezzy SS.], 130 AD3d 1266, 1267 [3d Dept 2015]) and we do not find the exception to the mootness doctrine to be applicable (see Matter of Randi NN. [Randi MM.— Joseph MM.], 80 AD3d 1086, 1087 [3d Dept 2011], lv denied 16 NY3d 712 [2011]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).[FN4]
As to the stepmother's appeal, where, as here, the parental rights of both biological parents have been terminated, "adoption is the sole and exclusive means to gain care and custody of the child" and courts are "without authority to entertain custody proceedings commenced by a member of the child's extended family" (Melissa KK. v Michael LL., 170 AD3d 1293, 1293 [3d Dept 2019] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 33 NY3d 911 [2019]; see Matter of Amber W. v Erie County Children's Servs., 185 AD3d 1445, 1445-1446 [4th Dept 2020]). Here, the stepmother sought only custody of the child; she has not sought adoption. Accordingly, the appeal from denial of the stepmother's custody petition is also moot (see Matter of Mu'Min v Mitchell, 19 AD3d 1116, 1117 [4th Dept 2005]) and, contrary to the stepmother's argument, the exception to the mootness doctrine does not apply.[FN5] Should she still seek care and custody of the child, the stepmother's sole recourse is to file for adoption (see Matter of Herbert PP. v Chenango County Dept. of Social Servs., 299 AD2d 780, 781 [3d Dept 2002]).
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: The father, who is incarcerated until at least 2025, established paternity of the child in October 2020.

Footnote 2: This determination is not in issue.

Footnote 3: In November 2022, Family Court approved the surrender instrument executed by the father.

Footnote 4: Insofar as the stepmother challenges Family Court's denial of the father's motion, she lacks standing to do so (see Family Ct Act § 1061).

Footnote 5: Although none of the parties initially addressed whether the stepmother's appeal has become moot, the Court raised that threshold issue, notified the parties and provided them with an opportunity to submit supplemental briefing concerning the same, which they have done.