Tevlin v Tevlin (2025 NY Slip Op 02893)

Tevlin v Tevlin

2025 NY Slip Op 02893

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 308595/14|Appeal No. 4327|Case No. 2024-00189|

[*1]Leonid Tevlin, Plaintiff-Appellant,
v
Maya Tevlin, Defendant-Respondent.

Sol Kodsi, New York, for appellant.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about October 20, 2023, which awarded defendant $17,500 in attorney's fees in connection with her motions to enforce the parties' divorce judgment, unanimously affirmed, without costs.
Plaintiff failed to preserve his contention that Supreme Court deprived him of an opportunity to submit written opposition to defendant's second motion. To the contrary, the record reflects that the parties agreed that defendant's two motions and plaintiff's cross-motion would be addressed at a settlement conference, and that the court stated on the record, without objection, that there was, "no expectation that the second motion should be fully briefed." In the absence of evidence that plaintiff requested to submit written opposition to defendant's second motion, plaintiff failed to preserve the issue for appellate review (see Dana-Sitzer v Sitzer, 48 AD3d 354 [1st Dept 2008]).
Plaintiff's contention that the court awarded defendant legal fees is based on the erroneous assumption that the motions had been settled in defendant's favor. However, the court's order only decided the request for legal fees, merely noting that the parties had resolved all other issues. In any event, the court acted within its discretion in awarding defendant counsel fees under Domestic Relations Law § 238 based upon consideration of the relevant factors and its finding that defendant was the less monied spouse (see Silberman v Silberman, 216 AD2d 41, 41-42 [1st Dept 1995], appeal dismissed 86 NY2d 835 [1995]), a fact that plaintiff does not dispute.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025